32682. GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORP. LTD. *v.* PRESCOTT.

DECIDED OCTOBER 11, 1949. REHEARING DENIED NOVEMBER 9, 1949.

*John M. Slaton, Nelson & Nelson,* for plaintiffs in error.

*R. M. Daley,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ To be compensable under the Workmen's Compensation Act, an injury must "arise out of and in the course of the employment." Code, § 114-102. It arises out of the employment when the employment is the contributing proximate cause, and in the course of the employment when it is received while the workman is doing the duty he is called upon to perform. In his findings of fact, the director took the position that while there had been a deviation from employment which continued until after the deceased left the cafe, nevertheless, when he returned there for the sole purpose of obtaining a sack in which to put the eggs which he was taking to his employer as a part of his collections, that was such a resumption of his duties as to make that employment the contributing proximate cause of his injuries.

In *Wicker* v. *Fidelity & Casualty Co.,* 59 *Ga. App.* 521 (supra), it was held that where the employee breaks the continuity of his employment for purposes of his own and is injured before he brings himself back into the line of employment, his injury does not arise out of or in the course of his employment, but where the personal mission has been accomplished and the employee is once more engaged in the duties of his employment, the injury arises out of and in the course of employment.

The deceased had reached his car safely; he descended therefrom and returned to the cafe on a matter connected solely with his employment and thus placed himself again within the scope of his employer's affairs. Had he not done so, this particular injury would not have occurred. The finding of the director that there was a direct causal relationship between the employment

and the accident was therefore supported by some evidence, and the judge of the superior court did not err in sustaining the finding on this ground. See many cases under Code (Ann.), § 114-701, catchwords, "Conclusiveness of findings."

Counsel for the defendant in error contends that this case is controlled by the rulings in *Roper* v. *American Mutual Liability Ins. Co.*, 69 *Ga. App.* 726 (26 S. E. 2d, 488), and *Stenger* v. *Mitchell*, 70 *Ga. App.* 563 (28 S. E. 2d, 885). However, in those cases it appears without dispute that the employee was on his way home when the accident occurred. In view of the testimony concerning the paper bag, and the testimony of the employer that the deceased normally returned to the store between six and nine p. m., there was some evidence that the deceased had not finished his day's work, and this case would not therefore fall under the rule above cited.

Although the point was not specifically made in his brief, counsel for the appellants urged in his oral argument before the court that the evidence was not sufficient to show that the claimant's husband had actually collected the eggs in question for the benefit of his employer and as a part of his duties of employment. The testimony of the employer to the effect that he was authorized to collect farm produce, including eggs, the presence of the eggs in the truck, the statement of the deceased that he had collected the same and his request for a sack in which to put them, are sufficient to establish this fact prima facie and shift the burden to the appellants to establish the contrary. These facts, coupled with the fact that it was the duty of the deceased to drive the truck of the employer, were sufficient to create the presumption that he collected the eggs for the benefit of the employer and in the discharge of his duties. The return trip from the truck to the cafe was to get a sack for these eggs. See *Dawson Motor Co.* v. *Petty*, 53 *Ga. App.* 746 (186 S. E. 877); *Hix-Green Co.* v. *Dowis*, 79 *Ga. App.* 412 (53 S. E. 2d, 601).

■ The director further found against the insurance carrier on its contention that the intoxication was the proximate cause of the injury.

The testimony on this subject was offered by the employee of the cafe where the deceased had been spending considerable

time, and shows definitely that he had consumed a large quantity of liquor. The witness insisted, in spite of this, "You couldn't tell from his actions, he was always cutting the fool, drunk or sober; he was not drunk to the point he could not take care of himself; he knew what he was doing."

The director in his findings of fact stated: "From a careful study of the evidence, I find that the accident and subsequent death was not the result of intoxication on the part of the deceased. It is possible that due to atmospheric conditions the deceased exercised poor judgment in attempting to cross the highway at the time he did, but poor judgment, carelessness or mere negligence are not sufficient" to deny the award.

In other words, while recognizing that the evidence pointed to some considerable degree of intoxication, the director found that this intoxication was not such as to "proximately cause the injury" as contemplated by Code § 114-105, in view of other testimony as to the condition of the night and the generally heedless character of the deceased.

In *Liberty Mutual Ins. Co.* v. *Scoggins,* 72 *Ga. App.* 263 (2) (33 S. E. 2d, 534), it was held that mere negligence "is not a defense such as will bar recovery in compensation cases."

In *Shiplett* v. *Moran,* 58 *Ga. App.* 856 (supra), it was held: "The burden was upon the employer to establish the fact that the death of the claimant's husband was due either to his wilful misconduct or to his intoxication. It is not sufficient to authorize a finding that an employee's injury or death is due to his wilful misconduct or intoxication to show merely that at the time of the injury [he] was engaged in the performance of an act of wilful misconduct or was intoxicated. It is essential, in order to constitute a bar to compensation, on either of these grounds, that his injury or death was caused either by his wilful misconduct or by his intoxication. The wilful misconduct or the intoxication must have been the proximate cause of the injury or death. *Ætna Life Ins. Co.* v. *Carroll,* 169 *Ga.* 333 (150 S. E. 208)."

The cases relied on by counsel for the defendant in error in this respect deal with the question of what constitutes intoxication, rather than the question of what constitutes proximate cause, and are, for that reason, not authority for reversing the

award of the director, since there was some evidence to support his finding of fact that the intoxication, if any, was not the proximate cause of the accident.

The judge of the superior court did not err in his judgment affirming the award of the Workmen's Compensation Board in this case.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*