47242.   MANHATTAN INDUSTRIES, INC. v. PAUL.

DEEN, Judge. Where the trial court overrules the defendant's motion for summary judgment this court will not reverse unless from the entire record construed against

the movant it appears that there is an absence of any genuine issue as to all material facts and that the defendant is entitled to a judgment as a matter of law. *Atlanta Gas Light Co. v. Roberson,* 120 Ga. App. 361 (170 SE2d 587). The sole issue presented to us is whether the injured plaintiff was an employee or independent contractor under a one-shot oral engagement to pick up a rental truck for the appellant and drive it to a designated location. Plaintiff was injured on the defendant's premises prior to departure and while on his way to the front office to turn in the truck rental agreement. He was never carried on any of the defendant's records as an employee, was never paid, and indeed there is evidence that the question of compensation was not discussed in advance. The plaintiff's evidence indicates that he had no instructions beyond the place where the truck was to be delivered. Whether as an employee he is barred from recovery in a tort action because of contributory negligence, the fellow servant rule, or the exclusiveness of the remedy afforded by workmen's compensation are all questions which must await the result of a trial.

*Judgment affirmed. Clark, J., concurs. Eberhardt, P. J., concurs in the judgment only.*

ARGUED MAY 24, 1972—DECIDED JUNE 16, 1972—
REHEARING DENIED JULY 6, 1972.

*N. Forrest Montet,* for appellant.

*T. J. Lewis, Jr.,* for appellee.

EBERHARDT, Presiding Judge, concurring specially. There may possibly be an issue of fact for resolution in this case, and for that reason alone and under the applicable rules of summary judgment I concur in the judgment only.

The record shows a filing with the State Board of Workmen's Compensation by Mr. Paul wherein he seeks an award of compensation for his injuries in the same occurrence, alleging that he was an employee of Manhattan Shirt Company, Inc. at Americus (the correct name now

being asserted to be Manhattan Industries, Inc.). Counsel conceded in oral argument that it is still pending.

Unless more evidence is produced than appears in this record on which to base the claim that he was acting as an independent contractor rather than as an employee, it is my judgment that a finding of the master and servant relationship is demanded under the holding in *Baird v. Travelers Ins. Co.,* 98 Ga. App. 882 (107 SE2d 579).