48509. PAUL v. MANHATTAN INDUSTRIES, INC.

EVANS, Judge. Jimmy E. Paul, plaintiff, sued Manhattan Industries, Inc., defendant, for personal injuries. He alleged he suffered personal injuries which resulted from negligence of the defendant in allowing boxes of cloth to fall on him while he was walking through defendant's plant in Americus, Georgia. Plaintiff alleged that he was an employee of the Seaboard Coast Line Railroad Company, but on the date of his injury, he was authorized by Manhattan Industries, Inc. to rent and drive a truck for it from its Americus plant to South Carolina. Plaintiff alleged that he was not an employee of defendant, but was to serve as an independent contractor for this one assignment.

Defendant answered, and contended plaintiff was a servant of defendant, and that his exclusive remedy was under the workmen's compensation laws.

After discovery, defendant moved for summary judgment, which was denied, and which judgment was affirmed in *Manhattan Industries, Inc. v. Paul,* 126 Ga. App. 595 (191 SE2d 484). Judge Deen was the author of the opinion, Judge Clark concurred and Judge Eberhardt concurred in the judgment only. At page 596 of the majority opinion the following is stated: "The sole issue presented to us is whether the injured plaintiff was an employee or independent contractor under a one-shot oral engagement to pick up a rental truck for the appellant and drive it to a

designated location. Plaintiff was injured on the defendant's premises prior to departure and while on his way to the front office to turn in the truck rental agreement. He was *never carried on any of the defendant's records* as an employee, was *never paid,* and indeed there is evidence that the *question of compensation was not discussed in advance.* The plaintiff's evidence indicates that *he had no instructions beyond the place where the truck was to be delivered.* Whether as an employee he is barred from recovery in a tort action because of contributory negligence, the fellow servant rule, or the exclusiveness of the remedy afforded by workmen's compensation are all questions which must await the result of a trial." (Emphasis supplied.)

On return of the remittitur the case proceeded to trial before Judge Osgood Williams and a jury, at the conclusion of which defendant moved for a directed verdict, and same was granted. Motion for new trial was overruled. Plaintiff appeals. *Held:*

Very little additional evidence was introduced on the question of whether or not the injured plaintiff was an employee or an independent contractor at the time of injury. For example, defendant contends plaintiff made an admission in judicio when he was asked during the trial: "You had no independent business that you operated that day?" to which he answered "no." An admission is not necessarily evident here. Many people regard "business" as an establishment of some kind, and something more than mere employment. Black's Law Dictionary defines the term, at the outset, as follows: "The term 'business' has no definite or legal meaning." Then among the various meanings flowing therefrom are: "commercial or industrial establishment or enterprise"; and the following very *significant sentence* appears: *"Occasional or isolated activities do not constitute business."* (Emphasis supplied.) If he had been asked the direct question, "were you engaged on that day as an employee of *Manhattan Industries,* rather than an independent contractor with *Manhattan Industries,"* his answer would have been significant and could have amounted to an admission. One of the meanings attributable to his answer is that he had no *established business, no commercial business.* This was not a solemn admission in judicio.

Previously it was held that there was sufficient evidence to go to trial on the issues thus made. These issues were for jury determination, and none of the additional evidence weakened plaintiff's right to a jury trial. Since the jury could just as easily

have decided the plaintiff was an independent contractor as it could have decided he was an employee, the court erred in directing the verdict in favor of the defendant.

*Judgment reversed. Clark, J., concurs. Hall, P. J., concurs in the judgment only.*

ARGUED SEPTEMBER 14, 1973 — DECIDED DECEMBER 4, 1973 — REHEARING DENIED DECEMBER 18, 1973 — 

*T. J. Lewis, Jr.,* for appellant.
*N. Forrest Montet,* for appellee.