### 52420. TWIN CITY FIRE INSURANCE COMPANY et al. v. GRAHAM.

PANNELL, Presiding Judge.

While as to scheduled "lunch break" or "rest break" cases, both the Supreme Court of this State and this court have laid down the rule that in such instances when an employee has the free use of his time to do as he chooses, an injury occurring during this time arises out of his

personal pursuit and his employment (*Ocean Acc. &c. Corp. v. Farr,* 180 Ga. 266 (178 SE 728); *Austin v. General Acc. Fire &c. Corp.,* 56 Ga. App. 481 (193 SE 86); *Aetna Cas. &c. Co. v. Honea,* 71 Ga. App. 569 (31 SE2d 421); *Gay v. Aetna Cas. &c. Co.,* 72 Ga. App. 122 (33 SE2d 109); *Hanson v. Globe Indem. Co.,* 85 Ga. App. 179 (68 SE2d 179); *McCord v. Employers Liab. Assur. Corp.,* 96 Ga. App. 35 (99 SE2d 327); *Travelers Ins. Co. v. Mimbs,* 120 Ga. App. 599 (171 SE2d 659); *Wilkie v. Travelers Ins. Co.,* 124 Ga. App. 714 (185 SE2d 783)), yet, where, as in the present case, there is evidence that the employee, a nurse, was on duty as an operating room nurse and there were no scheduled "rest room breaks" nor regular times which breaks were taken, but the nurses took such breaks only when the operating room activities were slack, and a nurse cannot leave the premises during such a break and is subject to being called to the operating room at any time, such evidence will support a workmen's compensation award for an injury occurring during such break. *Edwards v. Liberty Mut. Ins. Co.,* 130 Ga. App. 23 (202 SE2d 208). It follows, therefore, that the judge of the superior court did not err in affirming an award of the board of workmen's compensation granting compensation to the nurse-claimant. The judgment of the superior court on appeal by the insurer and employer is affirmed.

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

Argued July 7, 1976 — Decided July 14, 1976.

*Best & Woodson, Richard W. Best,* for appellants.
*Owens, Littlejohn, Gower & Pugh, F. Houser Pugh,* for appellee.