## 53977. RAMPLEY v. TRAVELERS INSURANCE COMPANY et al.

SMITH, Judge.

In this workmen's compensation claim, the administrative law judge found as a matter of fact that the claimant's injury occurred during her lunch break and as a matter of law that it was therefore not compensable. The Board of Workmen's Compensation adopted this finding as its own and the superior court affirmed. We do not find evidence in the record to support this determination, and we reverse.

The claimant alleged that, while taking a lunch break, she went into the rest room on the employer's premises and slipped and hurt her neck. The administrative law judge concluded "that the accident and injury here in question did not arise out of and in the course of her employment, in that at the time of the

accident, she was on her own time during which she was free to do whatever she pleased and was not performing any acts incidental to her employment." He did not reach the question whether the claimant's health problems were related to the claimed accident.

1. In a workmen's compensation claim, only those injuries arising out of and in the course of the claimant's employment are compensable. Code § 114-102. However, injuries occurring during a scheduled lunch break or rest break while the claimant is free to do as he chooses are generally not compensable. See *Twin City Fire Ins. Co. v. Graham,* 139 Ga. App. 318 (228 SE2d 355) and cits. This exception applies only where the break is *scheduled,* and then only if "the employer has in fact ceased the exercise of the right [to control the employee] and released time to the employee to follow his individual pursuits." *Wilkie v. Travelers Ins. Co.,* 124 Ga. App. 714, 716 (185 SE2d 783).

In the hearing on this claim, no evidence was adduced to show whether the employer's right to control the claimant had ceased during the break. If anything, the evidence leaned to the contrary, as the claimant testified that the precise time she took her lunch break was dictated by the current status of the workload. Evidently, then, the lunch break was not a "scheduled" one, though there was no conclusive evidence on the subject.

The question now becomes whether this void of proof should operate for, or against, the claimant. Generally, the burden of proof is on the claimant to show that the injury "arose out of" and "in the course of" the employment. *Samples v. Liberty Mut. Ins. Co.,* 99 Ga. App. 41 (107 SE2d 574). But, within the law of workmen's compensation there exist situations where a showing of certain evidence raises a presumption that the employee's injury arose out of and in the course of the employment. An example is where the employee is found dead at a place where he might reasonably have been in the performance of his duties. *Ga. Cas. &c. Co. v. Conner,* 117 Ga. App. 233 (160 SE2d 436). The presumption may then be rebutted by uncontradicted evidence to the contrary. *Argonaut Ins. Co. v. King,* 127 Ga. App. 566 (194 SE2d 282). These employee death cases may not be squarely analogous to

the present case, but they do stand for the sound proposition that certain aspects of some claims are better left to the employer to rebut than to the claimant to prove affirmatively.

The primary burden remains on the claimant, and the cases are few where the burden of persuasion properly should shift to the employer or his insurer. Nevertheless, if the burden is to shift in any case, it certainly should shift where the employer is seeking to avoid liability through some exception to the general rules, as in the lunch break and rest break cases. This view has been accepted in other jurisdictions which have recognized, for example, that the claimant should not be required, as part of the affirmative case, to negative every possibility that the injury may have arisen other than out of the employment. Fluor Corporation v. Industrial Commission, 398 Ill. 616 (76 NE2d 467). More to the point, it has been stated that the burden is on the employer to show that the injury came within an exception to liability. Meucci v. Gallatin Coal Co., 279 Pa. 184 (123 A 766).

Accordingly, we hold that once a claimant has introduced evidence establishing that the accident or injury occurred on the employer's premises during the regularly scheduled work day, even though the claimant was on break when it happened, it falls on the employer's shoulders to introduce evidence to show that the break was a scheduled one during which the claimant was not subject to the employer's demands or control. There being no such showing in this case, the judge's determination that the alleged injury occurred while the claimant "was on her own time during which she was free to do whatever she pleased" was without evidence to support it.

2. The administrative law judge and the board of workmen's compensation specifically declined to answer the "considerable question as to whether the health problems of this employee are attributable to the accident." Therefore, the judgment of the superior court must be reversed with direction to remand this case to the board of workmen's compensation for consideration of this unanswered question.

*Judgment reversed with direction. Bell, C. J., and*

*McMurray, J., concur.*

ARGUED MAY 23, 1977 — DECIDED OCTOBER 3, 1977 —
REHEARING DENIED OCTOBER 21, 1977 — 

*Ben Lancaster,* for appellant.
*J. F. Peace,* for appellees.