### 59648, 59649. BERRY v. JEFF HUNT MACHINERY COMPANY; and vice versa.

BIRDSONG, Judge.

Henry Berry leased three heavy equipment machines from Jeff Hunt Machinery Co. ("Jeff Hunt"), a Caterpillar distributor in South Carolina, for a lease period of three months. Berry kept the machinery several months longer than the lease period, and failed to make the proper monthly rental payments. After picking up the machinery, Jeff Hunt obtained default judgments in South Carolina against Berry in the total amount of $29,551. We held in *Berry v. Jeff Hunt Machinery Co.,* 148 Ga. App. 35 (250 SE2d 813) that "on the facts presented on motion for summary judgment, the activities of

[Berry] in [South Carolina] did not satisfy the 'minimum contacts' requirement of the Georgia Long Arm Statute" and that therefore Jeff Hunt was not entitled to summary judgment on the issue of enforceability of the judgments in Georgia. The case was tried before a jury in Richmond County, Georgia, after Jeff Hunt had made of record the South Carolina Long Arm Statute, upon the issues of enforceability of the South Carolina judgments and in the alternative, on the underlying indebtedness for the equipment rental. The jury returned a verdict against enforceability of the South Carolina judgments, but on the underlying indebtedness awarded Jeff Hunt $12,619. Both parties appeal. *Held:*

1. Appellant Berry urges that the trial court erred in excluding testimony which he contends would have shown the leases in question were actually conditional sales contracts, with the consequences that Berry would be liable only for any deficiency on the resale. The appellant does not apprise us of what evidence was wrongly excluded, but he seems to refer to the exclusion of evidence which might have indicated that Jeff Hunt still made a profit when it eventually did sell the equipment after Berry failed to make proper rental payments. We find this enumeration to be totally without merit. While there was some evidence in the case from which Berry might have contended that the arrangements were conditional sales contracts, he never availed himself of it and did not request a jury charge on that issue. His sole defense appears to have been a form of equitable unjust enrichment to Jeff Hunt combined with complaints about the serviceability of the equipment, while at the same time he admits he leased the equipment, kept it for a period longer than the lease term and failed to make proper rental payments. Evidence as to the eventual sales proceeds of the equipment is irrelevant to the issue of Berry's liability for rental payments; moreover, it has no probative value with regards to whether the contracts were leases or lease-purchases. We have combed the record and we do not find that Berry was prevented from proving that the leases were in fact conditional sales, but rather that he chose not to rely on this as a theory of defense and requested no charge to the jury on the issue. The error is his. See *Rowe v. Rowe,* 228 Ga. 302 (185 SE2d 69); *Dodd v. Dodd,* 224 Ga. 746 (164 SE2d 726); *Parlato v. City of Atlanta,* 151 Ga. App. 235, 237 (259 SE2d 217). We find no merit in Berry's appeal.

2. Jeff Hunt cross appeals on grounds that the trial court erred in denying its motion for directed verdict on the issue of enforceability of the South Carolina judgments. We think that the undisputed evidence at trial would have well-supported a finding by the jury that Berry was subject to South Carolina jurisdiction under that state's long arm statute (South Carolina Code § 36-2-803), but

"all reasonable deductions" from that undisputed evidence do not demand such a verdict (Code § 81A-150 (a)). For example, the Georgia Supreme Court held that a non-resident did not "transact any business" in this state so as to be subject to the Georgia Long Arm Statute, upon facts that are similar in substance to the undisputed evidence in this case, to the extent that Berry visited the South Carolina place of business to examine the machines with an idea to lease, but no contracts to lease were executed in South Carolina. See *O. N. Jonas Co. v. B & P Sales Corp.,* 232 Ga. 256 (206 SE2d 437). South Carolina extends jurisdiction of non-residents to the outer limits of due process (see Triplett v. R. M. Wade & Co., 261 S. C. 419 (200 SE2d 375)), but even so, Berry still must have the "minimal contacts" necessary to comprise the transaction of "any business" in South Carolina (see *Process Systems v. Dixie Pkg. Co.,* 137 Ga. App. 452, 456 (224 SE2d 103)), and whether he did so is a question the Georgia jury could answer with respect to the South Carolina law (*Process Systems,* supra, p. 454). Verdict for the enforceability of these judgments was not demanded by the undisputed evidence, nor, in view of the decision in *O. N. Jonas Co.,* supra, can we say that what the jury in fact held was not reasonably deduced from the evidence (Code Ann. § 81A-150 (a)). It was therefore not error to deny Jeff Hunt's motion for directed verdict.

*Judgment affirmed in both appeals. Deen, C. J., and Sognier, J., concur.*

SUBMITTED APRIL 7, 1980 — DECIDED JUNE 18, 1980.

*Gary D. Stokes,* for appellant.
*David E. Hudson,* for appellee.