## 62784. UTZ v. POWELL.

CARLEY, Judge.

Plaintiff-appellant and defendant-appellee both work for the same employer. After a meeting with a representative of another corporation with business ties to their employer, appellant and appellee accompanied that representative to a local golf course. While engaged in a golf game, appellant was struck by a motorized cart which was being operated by appellee. Appellant subsequently caused to be filed an "Employer's First Report of Injury Or Occupational Disease" with his employer's workers' compensation carrier. In describing in this report the general circumstances surrounding the incident for which compensation was being sought, appellant wrote: "On Savannah Inn golf course playing golf — work related, with Employers factory representative." The workers' compensation carrier denied coverage, apparently on the basis that appellant's injury was not work-related. No claim was filed by appellant with the State Board of Workers' Compensation.

Appellant did however institute the instant tort action against appellee to recover for the injuries sustained by being struck by the

golf cart. Appellee answered, denying the material allegations of the complaint and raising, by way of defense, Code Ann. § 114-103 as a bar to appellant's negligence action against a fellow employee. At trial, over appellant's objection, the issue of whether the injury was work-related and, consequently, whether appellant's action was barred under Code Ann. § 114-103 was submitted to the jury under instructions from the court. The jury returned its general verdict finding in favor of appellee. Appellant appeals from the entry of judgment on this verdict.

1. On appeal appellant does not assert that the evidence adduced at trial would not have supported a finding that the injury was job-related in such a manner as to bar a recovery against appellee under the applicable provisions of Code Ann. § 114-103. Nor does appellant urge that the jury instructions regarding the fellow-employee defense contained erroneous statements of the law on that issue. What appellant does contend is that the finding on whether the injury was job-related should have been made by the trial judge without the intervention of a jury and that it was therefore erroneous for the court to allow the jury to hear any evidence or for the trial court to give any charge on the issue. In support of this argument, appellant contends that the "proper way" for appellee to have raised the defensive issue of the fellow-employee bar was by a pre-trial motion for summary judgment rather than by insisting upon making it an issue in the jury trial.

The issue of whether an injury arises out of and in the course of employment and hence is compensable under the workers' compensation law is a mixed question of fact and law. The finder of fact must first hear all the relevant evidence concerning the injury and, after finding the facts with regard thereto, render a conclusion of law on whether it was job-related. This is true when the question of whether an injury is job-related and hence arises as an affirmative issue in a workers' compensation case, wherein the administrative law judge or the Board finds facts and makes conclusions of law based upon those facts. See generally *Rampley v. Travelers Ins. Co.,* 143 Ga. App. 612 (239 SE2d 183) (1977). It is likewise true when the issue of compensability under the workers' compensation law as a bar to recovery arises defensively in a tort action, where the normal procedure is for the jury to find facts and then to apply to those facts the law as given by the trial court in its instructions. See generally *Manhattan Industries v. Paul,* 126 Ga. App. 595 (191 SE2d 484) (1972). It was exactly this latter procedure which was "properly" followed in the instant case.

We know of no reason why appellant could not have moved under Code Ann. § 81A-156 (a) for summary judgment before trial on

the issue of appellee's fellow-employee defense and evoke a ruling by the trial court on whether genuine issues of material fact remained for jury resolution or whether he was entitled under the evidence of record to judgment as a matter of law on that issue. Appellant did not do so. We know of no reason why appellant could not have moved under Code Ann. § 81A-150 for a directed verdict at the close of all the evidence on the issue of appellee's fellow-employee defense, thus evoking a ruling by the trial court on whether there was "any evidence" to support it. See generally *Berry v. Jeff Hunt Machinery Co.,* 155 Ga. App. 15, 16 (2) (270 SE2d 257) (1980). Appellant did not do so. Instead, appellant waited until the day of trial and then requested, over appellee's objections, a separate bench trial on the single issue of appellee's fellow-employee defense. This clearly was not the "proper" procedure. See Code Ann. § 81A-139. What appellant was not entitled to was a bench trial on one issue in the case and a jury trial on all others. The entire case, including the issue of appellee's Code Ann. § 114-103 defense, was properly submitted to the jury. On appeal appellant could have enumerated as error the insufficiency of the evidence to support a finding that his action was barred under Code Ann. § 114-103 or that the issue was submitted to the jury under erroneous instructions. He has not done so. Accordingly, we find no error whatsoever in the trial court's refusal to sever the case and conduct a separate bench trial on the issue of appellee's fellow-employee defense, in its decision to submit this issue to the jury, or in the entry of judgment on the verdict for appellee.

2. During the trial, certain statements, which were made after the incident by appellee to appellant, were introduced into evidence. The trial court did not commit reversible error in instructing the jury to determine whether the statements constituted an expression of sorrow or sympathy (see generally *Dougherty v. Woodward,* 21 Ga. App. 427, 430 (94 SE 636) (1917); *Rape v. Barker,* 25 Ga. App. 362, 363 (103 SE 171) (1920); *Gray v. Delta Air Lines,* 127 Ga. App. 45, 52 (3) (192 SE2d 521) (1972); *Evans v. Batchelor,* 137 Ga. App. 629 (224 SE2d 752) (1976)) or an admission against interest of liability for the incident. See *Nair v. State,* 236 Ga. 892, 893 (2) (226 SE2d 61) (1976). Our review of the transcript demonstrates that appellee's post-incident statements clearly fall within the category of expressions of benevolence or sympathy and not into that of admissions of liability for the injury. See *Dougherty,* 21 Ga. App. 427, 430, supra; *Rape,* 25 Ga. App. 362, 363, supra. Accordingly, to the extent that the charge in the instant case instructed the jury that they would be authorized to find appellee's statement to be an admission against his interest, it was error beneficial, not prejudicial to appellant.

3. Appellant enumerates as error the giving of a charge to which he objected at trial as being an erroneous statement of the law. We have reviewed the contested charge and find that, while it might well have been subject to exception as being argumentative, it is not an erroneous statement of the law. Accordingly, we find no reversible error. *Foster v. Harmon,* 145 Ga. App. 413, 415 (3) (243 SE2d 659) (1978). See also *Hines v. Tinnin,* 150 Ga. App. 74, 75 (3) (256 SE2d 622) (1979); *Stubbs v. Daughtry,* 115 Ga. App. 22 (5) (153 SE2d 633) (1967).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 12, 1982.

*Gustave R. Dubus III,* for appellant.
*Timothy F. Callaway III,* for appellee.