### 64366. MILES v. BROWN TRANSPORT CORPORATION.

BIRDSONG, Judge.

Summary Judgment. Sara Miles was employed by Brown Transport Corporation. Her duties were as a general clerk, including dispatch duties, dock duties and work in and around the warehouse area. She worked from 9:00 a. m. until finished. This might require her to work a 30-hour week or a 70-hour week, but she was guaranteed only a 40-hour pay period. Mrs. Miles was allowed a lunch break each day and that break was taken at whatever time the work load permitted. She often did not leave the premises and simply ate a sandwich on the job. On occasion she would perform employer-related activities while on her lunch break although this was a rare requirement.

On March 12, 1980, Mrs. Miles was at work. She started to leave the premises on her lunch break. Her purpose was to go see her daughter who was in the hospital awaiting a tonsillectomy. While exiting the building, a heavy wooden door (one of two similar double doors) which was standing open was caught in a gust of wind. As Mrs. Miles was starting to descend a flight of about four steps, the door swung into Mrs. Miles causing her to lose her balance and fall to the pavement below the steps. Mrs. Miles suffered injuries which caused her to lose approximately six months of work. Initially Brown disputed that the accident was subject to the Workers' Compensation Act because Mrs. Miles was on her lunch break. However, subsequently Brown paid certain medical bills and charged the cost to its workers' compensation insurance. There is no indication that Mrs. Miles was aware of that payment, and no other payments were ever made to Mrs. Miles under the workers' compensation coverage. Apparently, however, up to as much as 80% of her medical expenses were paid under a group insurance plan.

Mrs. Miles brought the present complaint alleging that by its tortious negligence in failing to secure the door in question, Brown was responsible for Mrs. Miles' injuries. Brown moved for a summary judgment asserting that the injury presumptively was work-related as it occurred upon the work site and out of her employment and therefore Mrs. Miles' sole source of recompense was under the

Workers' Compensation Act rendering Brown immune from a suit in tort. Code Ann. § 114-103; *Fox v. Stanish,* 150 Ga. App. 537 (258 SE2d 190). The trial court granted summary judgment to Brown. Mrs. Miles brings this appeal enumerating the grant of summary judgment as error. *Held:*

An injury to an employee occurring during working hours and on the employer's premises ordinarily and presumptively will be considered as arising out of and in the course of employment and as such, the employee's sole course of action is against the employer under the provisions of the Workers' Compensation Act. Code Ann. § 114-103. *Fox v. Stanish,* supra. An exception to coverage, however, has been carved out for injuries occurring during a regularly scheduled lunch break or rest break and at a time claimant is free to act as she chooses. Where these two facts concurrently exist, i.e., "regularly scheduled" and "freedom of action," the injury does not arise out of and is not in the course of employment even though within working hours and on the employer's premises. *Twin City Fire Ins. Co. v. Graham,* 139 Ga. App. 318 (228 SE2d 355). Freedom of action alone is not enough to remove the mantle of workers' compensation from the employee nor absolve the employer from liability under the Workers' Compensation Act. The employer must show both that the injury occurred during a scheduled break and the employee has full control of personal actions during the break time. *Rampley v. Travelers Ins. Co.,* 143 Ga. App. 612 (239 SE2d 183); *Wilkie v. Travelers Ins. Co.,* 124 Ga. App. 714 (185 SE2d 783).

In this case, as demanded in *Rampley,* Brown produced evidence through its employees, including Ms. Miles, that the precise time she took her lunch break was dictated by the current status of the workload. Thus, Ms. Miles' lunch break was not a "scheduled" one. *Rampley,* supra, p. 613. Moreover, while it was shown that on this particular day, Ms. Miles had no particular responsibilities or duties toward her employer during her visit to the hospital it was established that she often did subject herself to the performance of job-related duties during her lunch break. This too constitutes some evidence demanded of the employer that the employee's time was not wholly free and was without the untrammelled choice of the employee required on all occasions to show a scheduled free break time. *American Hardware Mut. Ins. Co. v. Burt,* 103 Ga. App. 811 (120 SE2d 797); *Employers Mut. Liability Ins. Co. v. Carlan,* 104 Ga. App. 170 (121 SE2d 316).

In this case the parties did not dispute the factual occurrences leading up to and accompanying the injury. They disagree only as to the legal implications of these facts. The purpose of the Summary Judgment Act is to eliminate the necessity for trial by a fact finder

where, giving the opposing party the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence, there remains no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 603 (203 SE2d 173); *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442). Such is the situation in this case.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 16, 1982.

*James Elkins, Jr.,* for appellant.
*John W. Denney, Miller P. Robinson,* for appellee.