## 65345. CALHOUN v. MERGENTINE/KVN & HORN FRUIN-COLNON et al.

BIRDSONG, Judge.

The Workers' Compensation Board affirmed, the administrative law judge's finding that the claimant had suffered a compensable economic change of condition because light work ceased to become available when he was not capable of performing any other work, citing *Hartford Accident &c. Co. v. Bristol,* 242 Ga. 287 (248 SE2d 661); *Fleming v. U.S.F.&G. Co.,* 137 Ga. App. 492 (224 SE2d 127).

On appeal, the trial court reversed the award. The order states: "This Court is well aware of the standard for review it is to use in Workers' Compensation cases. The evidence appellee cites, however, as satisfying the 'any evidence' test is not compelling. Dr. Walker's letter of October 13, 1980 is not, in this Court's opinion, evidence to support the Board's finding that the Appellee, when he returned to work, could only do light-duty work. The claimant has, in this Court's opinion, failed to carry his burden of providing a change of condition for the worse. . . ."

Claimant appeals. *Held:*

1. It is the law in this state that if there is any evidence to support a finding of the Workers' Compensation Board, the superior court may not reverse the award unless errors of law were committed. Moreover, in determining whether evidence in the case meets the "any evidence" rule, the evidence will be construed in the light most favorable to the party prevailing before the board and every presumption in favor of the Board's award is indulged. *Howard Sheppard v. McGowan,* 137 Ga. App. 408 (224 SE2d 65); *Employers Ins. Co. v. Brackett,* 114 Ga. App. 661 (152 SE2d 420); *Fulmer v. Aetna Cas. &c. Co.,* 85 Ga. App. 102 (68 SE2d 180). See also *Williams*

*v. Mathis,* 237 Ga. 305 (227 SE2d 378).

It is not for the appellate court, either the superior court or this court, in workers' compensation appeals, to weigh the evidence and determine whether evidence ruled upon by the Board is "compelling." If the evidence exists in the record and no errors of law were made, the Board must be affirmed.

Moreover, it is elementary that in any appeal by a defendant (employer), the plaintiff (claimant) no longer has the "burden of proving" his case. The plaintiff-claimant has already proven his case to the forum below, and on appeal, the burden is on the defendant to prove the trier of fact erred.

The Board weighed the evidence in the case and in fact weighed it again when the superior court first remanded for a further and more specific finding of facts; there was evidence to support the award and the superior court was without authority to reverse it.

*Judgment reversed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 3, 1983.

*Richard R. Kirby,* for appellant.
*John C. Parker,* for appellees.