71701. LAVINE v. AMERICAN INSURANCE COMPANY et al.
(348 SE2d 114)

BEASLEY, Judge.
We granted discretionary appeal to review an order of the lower court reversing an award to claimant Lavine by the State Board of Workers' Compensation. The disputed issue in the case is whether or not claimant's injury arose out of or was in the course of his employment for the purpose of compensability under the Workers' Compensation Act.

Claimant and his wife were foster parents at Georgia Charlee Family Care, Inc. and resided at the foster home. Lavine also owned and operated a karate school. On November 3, 1983, claimant and his wife had been terminated as foster parents but were instructed to keep performing their full duties until November 10, the effective date of the termination. Until the 10th, they were to gradually move their belongings out.

Claimant was injured in an automobile collision on November 6. Just prior to the accident, claimant was en route to the grocery store

to purchase food items for the next morning's breakfast at Georgia Charlee. He was also on his way home from transporting personal goods to their future home, which was the initial purpose of the trip, and he was coincidentally carrying back cheese and cigarettes he had purchased at the request of the foster children on his trip to the new home. Claimant in the company of another individual had driven his van and trailer filled with personal belongings, first to a market to purchase the cheese and cigarettes, then to a restaurant for lunch, and then to the future residence of claimant and his wife to deliver their belongings. While at the house claimant's wife called and asked him to stop at a grocery store on the way back to the foster home to buy groceries for breakfast the next morning. The same route was utilized as would have been followed had the errand not been requested. In the collision which occurred en route some 15-20 miles before the store would have been reached, claimant sustained substantial injury requiring hospitalization and surgery.

The ALJ denied Lavine's claim on the basis of the finding, inter alia, that the motivating purpose of the subject trip was personal interest and that the journey would have been made just the same without the incidental task to be done for the employer so that the injuries were not sustained in the course of employment. The ALJ further found that the trip was at most for a dual purpose and that Lavine had not completed his personal interest purpose and entered a business purpose zone; that is, he was not then returning from a business purpose location, so on this basis also, the injury was non-compensable.

Lavine successfully appealed the denial of his claim to the full board upon the theory that he was in the course of his employment when the collision occurred because he was on a special errand for the sole benefit of the employer and had already completed any personal aspects of his trip to drop off belongings at the future residence. Upon its de novo review of the ALJ's award, the board awarded claimant indemnity benefits and medical expenses and substituted for the ALJ's findings the findings of fact that "a. At the time of injury, claimant had completed his task of moving personal household goods to a different residence. Evidence reveals claimant to have been en route to purchase necessary supplies for the benefit of employer at the time of the motor vehicle collision. Therefore, it is found, as fact, that claimant's injuries arose out of and in the course of his employment and that claimant was no longer engaged in a dual mission but rather was on a mission to solely benefit employer. b. Evidence further reveals claimant to be on 24-hour call basis and to be required to live at employer-provided housing seven days a week. Therefore, it is found that claimant worked with employer under a contract of continuous employment. . . ." The Board concluded that " 'Where the

employee breaks the continuity of his employment for purposes of his own and is injured before he brings himself back into the line of employment, his injury does not arise out of or in the course of his employment, but where the personal mission has been accomplished and the employee is once more engaged in the duties of his employment, the injury arises out of and in the course of employment.' *General Accident Fire & Life Assurance Corp. LTD v. Prescott*, 80 Ga. App. 421; *Fulton County Civil Court v. Elzey*, 101 Ga. App. 520, 523."

The employer/insurer appealed to the superior court, and in a lengthy order the court reversed the board award and affirmed the award of the ALJ on the ground that the board's findings of fact did not support its award and thus that the award was contrary to law. In place of the board's findings, the court entered its own, ultimately concluding that the accident occurred outside the course of employment and also that it did not arise in the course of employment.

Appellant Lavine maintains that there was "an abundance of evidence" to support the board award, that the lower court improperly weighed the evidence, ignored the "any evidence" rule to find that his injury did not arise out of or in the course of his employment when there was some evidence to support the board's findings, and erred in reversing the board on such a "question of fact."

"The issue of whether an injury arises out of and in the course of employment and hence is compensable under the workers' compensation law is a mixed question of fact and law. The finder of fact must first hear all the relevant evidence concerning the injury and, after finding the facts with regard thereto, render a conclusion of law on whether it was job-related. This is true when the question of whether an injury is job-related and hence arises as an affirmative issue in a workers' compensation case, wherein the administrative law judge or the Board finds facts and makes conclusions of law based upon those facts. [Cits.]" *Utz v. Powell*, 160 Ga. App. 888, 889 (1) (288 SE2d 601) (1982).

Furthermore, "[i]t is the law in this state that if there is any evidence to support a finding of the Workers' Compensation Board, the superior court may not reverse the award unless errors of law were committed. Moreover, in determining whether evidence in the case meets the 'any evidence' rule, the evidence will be construed in the light most favorable to the party prevailing before the board and every presumption in favor of the Board's award is indulged. [Cits.] It is not for the appellate court, either the superior court or this court, in workers' compensation appeals, to weigh the evidence. . . . If the evidence exists in the record and no errors of law were made, the Board must be affirmed." *Calhoun v. Mergentine/KVN & Horn Fruin-Colnon*, 165 Ga. App. 610, 611 (1) (302 SE2d 401) (1983).

In this case, the board made a de novo review of all of the evi-

dence, and after weighing the evidence made its findings that Lavine's injuries arose out of and in the course of his employment. Our review reveals that construing the evidence in the light most favorable to claimant as the prevailing party before the board, there was evidence to support the board's findings. Id. at 610 (1). Therefore, the superior court was bound to affirm the board unless there was an error of law made.

A review of the award reflects that the board reached the legal conclusion that Lavine's injury was job-related in the context of the legal test set out in *Fulton County Civil Court v. Elzey*, 101 Ga. App. 520, 523 (114 SE2d 314) (1960).

We find no error of law in the board's use of the legal framework set out in *Elzey* to weigh the evidence and make its consequent findings supporting compensability of Lavine's injury. This appears to be a situation in which the superior court exceeded its authorized role by weighing the evidence and so substituting its judgment for that of the board. Reversal therefore is mandated.

*Judgment reversed. Banke, C. J., McMurray, P. J., Birdsong, P. J., Carley, Sognier, Pope and Benham, JJ., concur. Deen, P. J., dissents.*

DEEN, Presiding Judge, dissenting.

The trial judge in his order has analyzed the facts and applied the correct theory of law in this case, which this court should adopt. We set out here substantially what the ALJ and trial court held.

Claimant, Lawrence Lavine, was employed by Georgia Charlee Family Care, Inc. from August 25, 1983, through November 10, 1983. On November 3, 1983, he was notified he was terminated by them effective November 10, 1983. He and his wife were foster parents to several children at this facility. He also owned and operated a karate school.

On Sunday, November 6, 1983, he was involved in an automobile accident. On this day, claimant was moving his personal belongings from the foster care home in Austell to his new residence in Woodstock, which he estimates is twenty-five to thirty miles away. Lavine was using his personal van to transport the belongings and not the foster home van. On the way to Woodstock he and another person stopped at the Majik Market one mile away from the foster house to purchase cigarettes and cheese. This purchase was at the request of his wife and a couple of children, as required by his employment. After stopping at the Majik Market, they had something to eat at Arby's Restaurant and went on to Woodstock. Upon completion of the delivery of furniture at the Allen Daniel home, where he and his wife would reside, Lavine received a phone call from his wife to stop by the Kroger store to purchase some food for breakfast the next day

at the foster home. This store is located just a short distance from the foster home. He was returning from Woodstock to Austell on the same route he came. Shortly after leaving Woodstock he was involved in an accident in which his van was hit from the rear. He suffered injuries and was hospitalized.

For an injured employee to qualify for compensation under Workers' Compensation two requirements must be met. The injury must: (1) arise out of the employment and (2) arise in the course of employment. OCGA § 34-9-1; *New Amsterdam Cas. Co. v. Sumrell*, 30 Ga. App. 682 (118 SE 786) (1923); *National Fire Ins. Co. v. Edwards*, 152 Ga. App. 566 (263 SE2d 455) (1979).

The first requirement is that the injury must arise out of employment. This is defined as being "where there is apparent to the rational mind upon consideration of all circumstances a causal connection between the conditions under which the work is required to be performed and the resulting injury." This definition is a combination of the increased risk, the actual risk, and the positional risk doctrines.

*Employers Mut. &c. Ins. Co. v. Rosenfeld*, 130 Ga. App. 251 (202 SE2d 678) (1973), provides the line of thought presenting the actual risk and increased risk doctrine. When injury arises because of a risk incidental to the nature of employment or such as could be seen to have its origin in a risk connected with the business of the employer, and to have arisen out of and flowed from that source as a natural consequence, it arises out of and in the course of employment.

In 1979 Georgia also adopted the positional risk theory of "arising out of employment." It was adopted in the case of *National Fire Ins. Co. v. Edwards*, supra, and provides that an injury is compensable if the employee can prove that his·work brought the employee within range of the danger by requiring the employee's presence in the locale where the accident occurred, even though any other person present would have also been injured irrespective of employment. Our state has developed criteria for "arising out of employment" as cited in Ga. Workers' Compensation — Law & Practice, by James B. Hiers & Robert R. Potter, which are applicable here.

The second requirement is that the accident must arise "in the course of employment." An accident falls within this requirement when it occurs (1) within the period of employment, (2) at a place where the employee reasonably may be in the performance of the employee's duties, and (3) while the employee is fulfilling the employee's duties or engaged in something incidental thereto. *Sands v. Union Camp Corp.*, 559 F2d 1345 (5th Cir. 1977).

*Fulton County Civil Court v. Elzey*, 101 Ga. App. 520 (114 SE2d 314) (1960), provides the test which determines if the employee at the time of an accident is within the scope of his employment and if he has broken the continuity of his employment for personal purposes:

(1) if the injury occurred before the employee's acts bring the employee back into the line of employment, the injury is not one arising out of and in the course of employment, but (2) where the personal mission has been accomplished and the employee is once more engaged in the duties of his employment, the injury does arise out of and in the course of employment and is compensable.

Another rule of law applicable to this issue is the dual purpose doctrine. This doctrine provides that when a trip serves both business and personal purposes, it is a personal trip if the trip would have been made in spite of the failure or absence of the business purpose and would have been dropped in the event of failure of the private purpose, though the business errand remained undone; it is a business trip if a trip of this kind would have been made in spite of the failure or absence of the private purpose, because the service to be performed for the employer would have caused the journey to be made by someone even if it had not coincided with the employee's personal journey. Larson's Workmen's Compensation, Vol. 1, § 18.14, p. 4-218.

The Administrative Law Judge used the motivating purpose doctrine in his decision, which provides that if the motivating purpose of the trip was personal interest, and if the journey or the trip would have been made just the same without the interests or tasks to be done for the employer, the injury in the course of travel is not in the course of employment. *Lumbermen's Mut. Cas. Co. v. Babb*, 67 Ga. App. 161 (19 SE2d 550) (1942).

At the two prior hearings the issue of continuous employment was addressed. Mr. and Mrs. Lavine were both hired to be on call for twenty-four hours. Mr. Lavine admitted at the Workers' Compensation Board's hearing that he had another job as a karate school teacher and was owner of the business. He admitted that he devoted most of his time to the school and the rest to the foster home, as seen in the following statements.

"Q. How much time were you devoting when you had this accident, during that general time frame were you devoting to your karate school?

"A. At that time I devoted my full week, and the hours that I didn't teach I would spend at the house taking care of the business at the house for the kids."

Lavine voluntarily withdrew himself from the twenty-four-hour call and had his wife to fill this purpose of employment with the Charlee House. Even if someone is in continuous employment, one cannot expect his employer to be responsible for injuries when he is performing a personal obligation, so as to collect Workers' Compensation benefits.

As stated, an injury to an employee does not qualify for compensation unless the injury arises out of the employment and arises in

the course of employment. The first step is to determine if the accident arose out of the employment. Under the line of thought presenting the actual risk and increased risk doctrine, the accident would not arise out of the employment. The claimant clearly admits that the accident could not have had its "origin in a risk connected with the business of the employer, and to have arisen out of and flowed from that source as a natural consequence." Mr. Lavine affirmed the question that he would have gone to Woodstock to take his furniture even if he had not had to go to the store, and he would have been on that route.

"Q. If your wife had not called over at Allen's house and said 'pick up the groceries' and if the kids did not need cigarettes, you would have had to take that furniture to Woodstock anyway in the process of moving out of this Georgia Charlee House; isn't that true?

"A. That is true."

He also testified at the hearing that the Kroger store he was to go to was twenty or thirty miles from the scene of the accident at Woodstock and only a few miles away from the Charlee House. Also, under the positional risk theory, the claimant is defeated for the reasons stated. The Kroger store was only a few miles away from the Charlee House, and the accident occurred twenty to thirty miles from the Charlee House and the Kroger store. Also, the Majik Market, at which he stopped en route to Woodstock, was only one mile away from the foster home. *He had long since deviated from that scope of employment.* Hence, Mr. Lavine's employment did not bring him "within the range of the danger or in the locale of where the accident occurred." He would not have been in that locale if he had not been doing his *own personal business* of delivering his furniture to Woodstock. Hence, the causative danger was not incidental to the employment and was independent of the master-servant relationship.

The second requirement for an injury to be compensable is that it must "arise in the course of employment." Here again the claimant fails to fulfill the requirement. The claimant is clearly not in a place at the time of the accident where one could reasonably be performing his employer's duties. He is twenty to thirty miles from his place of employment, which did not require him to be that far away, and he is in that area only to perform personal business and not his employer's business. The accident not only did not "occur" outside the course of employment, but also it did not "arise" in the course of employment.

Under the dual purpose doctrine, the claimant would also fail because both he and his wife testified he would have had to deliver the furniture even if he did not have to go to the Majik Market or to the Kroger store. The personal trip would have been made in spite of the failure or absence of the business purpose and would have been dropped in the event of failure of the private purpose, though the

business errand remained undone. It is agreed at some point in time the groceries would have to be bought even though the personal purpose would have been dropped. Even so, the groceries would not necessarily have to be bought at that time, and, a grocery shopping expedition definitely would not have required him to be in the locale where the accident occurred if the personal business had been abandoned.

The Administrative Law Judge correctly applied the motivating purpose doctrine to these sets of facts. The claimant clearly testified he would had to have gone to Woodstock to deliver his furniture even if he had not had to run the business errand and he would have come back that same route even if there were no business errand. The accident does not appear to be in the course of employment because the journey would have been made just the same without the tasks to be done for the employer. The accident that occurred on November 6, 1983, is not compensable under Workers' Compensation, since the accident did not arise out of and in the course of his employment.

The trial court correctly found that the findings of fact do not support the order of the board and the order is contrary to the law. It is our considered opinion he was not reweighing the evidence but applying the correct theory of law under the facts of this case.

We should affirm the trial court.

DECIDED JULY 15, 1986 —
REHEARING DENIED JULY 29, 1986 —

*Gregory T. Presmanes, David A. Kennedy*, for appellant.
*Charles Zirkle, Susan E. Lowe*, for appellees.