189 Ga. App. 579 (1988)
377 S.E.2d 21
BLAIR
v.
GEORGIA BAPTIST CHILDREN'S HOME & FAMILY MINISTRIES, INC.; and vice versa.
77628, 77629.
Court of Appeals of Georgia.
Decided November 29, 1988.
Rehearing Denied December 8, 1988.
George P. Graves, E. Graydon Shuford, for appellant.
Harman, Owen, Saunders & Sweeney, Michael W. McElroy, Craig A. Nance, for appellee.
BIRDSONG, Chief Judge.
Appellants Margaret M. Blair (administratrix of the estate of Margaret E. Chastain) and her decedent's children, bring this appeal from the grant of summary judgment to appellee, the Georgia Baptist Children's Home and Family Services (Children's Home). Ms. Chastain was employed by the Children's Home as a group leader and perished in a fire which took place in a residential building that formed part of the facilities of the Children's Home. "Group leaders staying overnight at residences provided by the Georgia Baptist Children's Home are subject to call while staying in such residence to answer any emergencies which may arise at the facility." At the time of her death, Ms. Chastain was not "on duty" but was "subject to call." The *580 workers' compensation insurance carrier for the Children's Home issued a check to the funeral home for partial payment of Ms. Chastain's funeral expenses. An employee of the Children's Home's workers' compensation insurance carrier stated that Ms. Blair "acquiesced" in the payment of this workers' compensation benefit.
A tort action was filed and service made upon the person designated by the Office of the Secretary of State as the agent for appellee. No answer was made and appellants took a partial default judgment as to liability and eventually a final judgment in the amount of $200,000. After filing judgment and garnishment, it was determined that the Secretary of State's office had made a mistake as to the registered agent and appellee's motion to set aside the judgment for lack of service was granted. A second tort action was filed in Richmond County and service made upon the correct agent for appellee. Appellee's defense of improper venue was filed and appellant's motion to transfer this action to DeKalb County was granted. Appellees defended, inter alia, on claims of the running of the statute of limitations and that the action was barred by the Workers' Compensation Act.
Appellee filed a motion to dismiss, or in the alternative for summary judgment, on three grounds: (1) this tort action was barred by OCGA § 34-9-11 which provides that an employee's rights under the Workers' Compensation Act provide the exclusive remedy, (2) that appellants are estopped to bring a tort action because of the acceptance of workers' compensation benefits paid to the funeral home, and (3) this action is barred by the running of the statute of limitations. The trial court granted appellee's motion for summary judgment on the basis that Ms. Chastain's death was compensable pursuant to the workers' compensation act and OCGA § 34-9-11 precluded the filing of this action. The appellee's motion for summary judgment on the remaining grounds was denied. Appellants appeal from the grant of summary judgment to appellee and the appellee cross-appeals from the denial of their motion for summary judgment on the basis of estoppel. Held:

Main Appeal No. 77268
1. At issue is whether Ms. Chastain's death was compensable under the Workers' Compensation Act. We hold that it was and affirm the trial court's grant of summary judgment to appellee. To be compensable under workers' compensation, an injury or death of an employee must be one "arising out of" and "in the course of" the employment. OCGA § 34-9-1 (4). These two terms are not synonymous. State Dept. of Labor v. Yates, 131 Ga. App. 71, 72 (205 SE2d 36). An injury or death "`"arises out of employment" when it is apparent *581 to the rational mind, upon consideration of all the circumstances, that there is a causal connection between the conditions under which the work is required to be performed and the resulting injury.'" Id. "In the course of" employment "refers to time, place and circumstances under which the accident took place...." Id.
Appellant contends that whether decedent's death arose out of and in the course of her employment is a mixed question of fact and law and should have been submitted to a jury. Appellant is correct, up to a point. "`The issue of whether an injury arises out of and in the course of employment ... is a mixed question of fact and law.'" Knight v. Gonzalez, 181 Ga. App. 468, 469 (352 SE2d 646); accord Utz v. Powell, 160 Ga. App. 888, 889 (288 SE2d 601). However, disputes as to immaterial facts do not preclude summary judgment. Murphy v. Bank of Dahlonega, 151 Ga. App. 264, 265 (2) (259 SE2d 670); Wood v. Metro. Atlanta Girls' Club, 141 Ga. App. 473, 474 (2) (233 SE2d 862). "The summary judgment law does not require the defendant to show that no issue of fact remains, but rather tha[t] no genuine issue of material facts remains [cit.]; and while there may be some `shadowy semblance of an issue' [cit.], the case may nevertheless be decided as a matter of law where the evidence shows clearly and palpably that the jury could reasonable draw but one conclusion." (Emphasis deleted.) McCray v. Hunter, 157 Ga. App. 509, 511-512 (277 SE2d 795); accord Evans v. Bibb Co., 178 Ga. App. 139 (1) (342 SE2d 484); Southern Trust Ins. Co. v. Braner, 169 Ga. App. 567, 569 (314 SE2d 241); see also Chelena v. Ga. Fed. &c. Assn., 256 Ga. 336, 337 (349 SE2d 180). Where the material facts are undisputed, as here, and there remains no genuine issue as to any material fact, the moving party can be entitled to judgment as a matter of law. Miles v. Brown Transport Corp., 163 Ga. App. 563, 564-565 (294 SE2d 734); Lewis Wood Preserving Co. v. Jones, 110 Ga. App. 689, 691 (140 SE2d 113).
2. There is no dispute as to the fact that Ms. Chastain resided in a residence in a building furnished her by the Children's Home, and that she was not "on duty" at the time of the fire, but was "subject to call" in the event her employer determined there was an emergency which required her presence. This was "free time" for her, unless she was needed. The words "in the course of employment" relate to the time, place, and circumstances under which the incident takes place, and if the incident occurs within the period of employment, at a place where the employee may reasonably be in the performance of her duties or engaged in doing something incidental thereto, the employee is within "the course of employment." Barge v. City of College Park, 148 Ga. App. 480, 481 (251 SE2d 580). We have not been cited nor have we found any cases involving the facts of this case where an employee remains on the premises, not on duty, and is not per se actively *582 involved in the performance of her normal duties, but is "on call" if needed for performance of her duties. But, it is well-settled law in this state that where a "rest break" or "lunch break" is provided to an employee, during which time the employee is free to use the time as he chooses, making it personal to him, an injury occurring during the break period arises out of personal pursuit and not out of the employment and is not compensable. Edwards v. Liberty Mut. Ins. Co., 130 Ga. App. 23, 24 (202 SE2d 208).
We have cases in which an employee is on a break, although not regularly scheduled, but remains "on call" and is injured on the premises. In Twin City Fire Ins. Co. v. Graham, 139 Ga. App. 318, 319 (228 SE2d 355), when a nurse taking such a break when activities were slack and was "subject to being called to the operating room at any time," we held that the evidence supported a workers' compensation award for an injury incurred during the break. Again, in Miles v. Brown Transport Corp., supra, we discussed an injury occurring during a break which was not regularly scheduled, but claimant was "free to act as she chooses" and stated that where "two facts concurrently exist, i.e. `regularly scheduled' and `freedom of action,' the injury does not arise out of and is not in the course of employment even though within working hours and on the employer's premises. [Cit.] Freedom of action alone is not enough to remove the mantle of workers' compensation from the employee nor absolve the employer from liability under the Workers' Compensation Act. The employer must show both [1] the injury occurred during a scheduled break and [2] the employee has full control of personal actions during the break time." (Emphasis supplied.) Miles, supra at 564. But, Miles often did work during her break period and performed job-related duties during the lunch break. We held: "This too constitutes some evidence demanded of the employer that the employee's time was not wholly free and was without the untrammelled choice of the employee required on all occasions to show a scheduled free break time." (Emphasis supplied.) Id. at 564.
Here the employee was "off duty" during a "break period"  albeit it was an overnight "break period" in which she was free to do as she wished. But, by agreement, and as a condition of her employment, if she remained in the residence on her employer's premises, which was provided the employee by the employer, she was subject to the control of the employer and could be required to perform duties of her employment if the need arose. Hence, "the employee's time was not wholly free" of her employer's control at the time of the fire when she was on the employer's premises. See Miles, supra at 564.
One other factor bears on our decision. One exception to the general rule of lack of coverage for an employee who is "off duty" and is *583 free to do as he or she pleases, is an employee, who by the nature of employment is considered to be "continuously employed." See Heirs & Potter, Ga. Workers' Compensation 84, § 5-19. These employees are not at work, are on their own time, but are "on call" in a locale which is dictated by the nature of their employment. Some persons within this category, but by no means inclusive of all persons, are traveling salesmen, policemen, firemen, bus drivers, railroad and aviation employees. Early cases were reluctant to place the cloak of protection of workers' compensation benefits around employees away from home or the employer's premises, even though the locale in which injury or death occurred was required by the nature of their employment. See Hartford Accident &c. Co. v. Thornton, 71 Ga. App. 486 (31 SE2d 115). However, recent cases have been more liberal. Thus, in Barge v. City of College Park, supra, we found a police officer who was "on call" 24 hours per day, came under "the rule of continuous employment" and was covered by workers' compensation even though he was off duty. In another case, an employee of the State Highway Department, whose work necessitated him staying in Dalton, Georgia, away from his home, was found to be "in continuous employment, day and night" and covered by workers' compensation when he "was expected to make himself available to the home interviewers under his supervision to answer questions that might arise during their hours of work after 5:00 p. m." McDonald v. State Hwy. Dept., 127 Ga. App. 171 (192 SE2d 919). See also General Fire &c. Co. v. Bellflower, 123 Ga. App. 864 (182 SE2d 678) (bus driver "on call" in city away from home).
Perhaps the most persuasive case is Thornton v. Hartford Accident &c. Co., 198 Ga. 786 (32 SE2d 816), in which a traveling salesman was away from his home in a distant city and was injured while returning to his hotel from a restaurant. He subsequently died from his injury. It was held that "`[a]n accident arises "out of" the employment when it arises because of it, as when the employment is a contributing proximate cause.'" Id. at 787. "While lodging in a hotel or preparing to eat, or while going to or returning from a meal, he is performing an act incident to his employment, unless he steps aside from his employment for personal reasons. Such an employee is in continuous employment, day and night." (Emphasis supplied.) Id. at 790. The court refused to agree with appellee's argument that an employee "is no longer in the course of his employment when his usual duties for the day are completed." Id. at 791. But, it was found that the employee's injuries did "arise `out of' the employment" because of the "causal connection between the conditions under which the employee worked and the injury which he received. The causative danger ... [was] incidental to the character of the employment, and not independent of the relation of master and servant. The accident ... *584 [was] one resulting from a risk reasonably incident to the employment. And a risk is incident to the employment when it belongs to, or is connected with, what a workman has to do in fulfilling his contract of service." Id. at 792-793. In the instant appeal, Ms. Chastain's duties were not completed when the usual hours for work had passed, but as long as she remained on the premises and in her residence she was subject to call at any time. The risk was incident to her employment because she was fulfilling a part of her duties when she was involved in the fire. See Free v. McEver, 79 Ga. App. 831 (54 SE2d 372).
Accordingly, we concur with the trial court that Ms. Chastain's death was compensable under the workers' compensation act and this action is barred by OCGA § 34-9-11.

Cross-Appeal No. 77629
3. Because we affirm the grant of summary judgment for appellee, the cross-appeal is moot.
Judgment affirmed in Case No. 77628. Appeal dismissed in Case No. 77629. Banke, P. J., and Beasley, J., concur.