65904. HEARD v. MIDWEST MUTUAL INSURANCE COMPANY.

SHULMAN, Chief Judge.
Plaintiff/appellant sustained a loss on March 31, 1982, when his motorcycle was stolen. When defendant/appellee insurance company refused plaintiff's demand for payment, plaintiff filed suit, seeking to recover for the property loss as well as for bad faith damages and attorney fees under OCGA § 33-4-6 (Code Ann. § 56-1206). Plaintiff now appeals from the trial court's direction of a verdict for defendant and from the failure of the trial court to grant plaintiff's motions for summary judgment, for judgment on the

pleadings, and for directed verdict. We affirm.

1. " ' "After verdict and judgment, it is too late to review a judgment denying a summary judgment, for that judgment becomes moot when the court reviews the evidence upon the trial of the case." ' [Cit.] There is no merit in this enumeration of error. [Cit.]" *Smith v. Hendrix,* 162 Ga. App. 299 (1) (290 SE2d 504).

2. "Appellant moved for judgment on the pleadings, but he did not appeal the denial of the motion until this appeal. After the trial and verdict, it is here too late to appeal the denial of that motion. [Cit.]" *Dein v. Citizens Jewelry Co.,* 149 Ga. App. 340 (4) (254 SE2d 403).

3. Appellant also "complains of the denial of [his] motion for directed verdict after [he] had rested upon completion of [his] evidence. This contention likewise is without merit. At the close of the plaintiff's evidence, only the defendant can move for a directed verdict. [Cits.]" *Pascoe Steel Corp. v. Turner County Bd. of Ed.,* 142 Ga. App. 88 (2) (235 SE2d 554), revd. on other grounds, 240 Ga. 88 (239 SE2d 517).

4. In his final enumerated error, plaintiff takes issue with the trial court's direction of a verdict for defendant. OCGA § 9-11-50 (a) (Code Ann. § 81A-150) authorizes a directed verdict "at the close of the evidence offered by an opponent or at the close of the case . . . [i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict . . ."

At the close of plaintiff's case, the only evidence before the jury was plaintiff's testimony in which he stated that his motorcycle had been stolen and not recovered and that, prior to the theft, he had not been notified that his insurance policy was no longer in effect. There was, however, no evidence that appellant's motorcycle had been insured by appellee. The trial court sustained best evidence objections to appellant's testimony regarding the coverage of his purported insurance policy, and the policy itself was never tendered or admitted into evidence. "There being no conflict in the evidence in this case; and the evidence introduced, construed in its light most favorable to the plaintiff, being insufficient to support a verdict in his favor, it was not error for the trial court to direct a verdict in favor of the defendant. [Cits.]" *Stewart v. Western Union Telegraph Co.,* 83 Ga. App. 532 (4) (64 SE2d 327).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JUNE 20, 1983.

*William H. Arroyo,* for appellant.

*Malcolm S. Murray, William A. Dinges,* for appellee.