## 69588. BROWN v. TREFZ & TREFZ et al.
(327 SE2d 556)

SOGNIER, Judge.

Laurel Ann Brown sued Trefz & Trefz d/b/a Arby's Roast Beef Restaurant (Trefz & Trefz), Boyd Mixon and Bryan Alva for personal injuries. Brown appeals from the trial court's order granting summary judgment to Trefz & Trefz, Mixon and Alva.

1. Appellant contends the trial court erred by granting appellees' motions for summary judgment because her common law tort claim against appellees for personal injuries is not barred by the Georgia Workers' Compensation Act, OCGA § 34-9-1 et seq. The trial court granted summary judgment to appellees on the basis that Alva and Mixon were engaged in "horseplay" and therefore appellant's resulting injuries were covered exclusively by workers' compensation.

Although workers' compensation may provide the exclusive remedy where the injured party is a non-participating victim of "horseplay" or the subject of wilful actions taken by fellow employees, see *Baird v. Travelers Ins. Co.*, 98 Ga. App. 882 (107 SE2d 579) (1959); *Helton v. Interstate Brands Corp.*, 155 Ga. App. 607 (271 SE2d 739) (1980), workers' compensation is not the exclusive remedy, and thus does not bar a common law tort claim where the wilful actions are directed against the non-participating victim by fellow employees for purely non-work-related personal reasons. See OCGA § 34-9-1 (4); *Murphy v. ARA Services*, 164 Ga. App. 859, 863 (298 SE2d 528) (1982).

Appellant was injured when, unknown to her, Alva and Mixon

poured a substance containing ammonia chloride into her soft drink. Appellant became ill after she swallowed part of the drink. Appellees denied that Alva and Mixon were acting within the scope of their employment with Trefz & Trefz and presented no evidence to rebut appellant's allegation in her affidavit that Alva and Mixon acted "in furtherance of their own personal reasons." A question of fact thus remains whether appellant's claim is barred by the Workers' Compensation Act. *Bishop v. Weems*, 118 Ga. App. 180, 181 (4) (162 SE2d 879) (1968).

2. Although questions of fact remain whether the defense of workers' compensation is a bar here, we find that summary judgment was otherwise correctly granted to Trefz & Trefz because regardless of the workers' compensation defense, no questions of fact remain as to appellant's tort claims against this appellee.

Appellant's complaint alleged two tort claims against Trefz & Trefz based on respondeat superior and negligent hiring and retention. As to appellant's respondeat superior claim, her complaint alleged that Mixon and Alva were acting within the scope of their employment as appellee Trefz & Trefz's agents. This allegation was denied by appellees and is contradicted directly by appellant's response to request for admissions and her own affidavit stating that the actions of the employees were "not in any way related to the fulfillment of their duties at [appellee Trefz & Trefz's Restaurant]." We construe this direct contradiction against appellant. *Henson v. Atlanta Cas. Co.*, 169 Ga. App. 754, 755 (315 SE2d 268) (1984). There being no evidence of agency, no question of fact remains as to Trefz & Trefz's liability on the ground of respondeat superior. See *Cox v. Brazo*, 165 Ga. App. 888, 889 (1) (303 SE2d 71) (1983).

As to appellant's claim that Trefz & Trefz was negligent in hiring and retaining appellees Alva and Mixon, there was no supporting evidence outside of her unsworn complaint. Trefz & Trefz in its interrogatory answers specifically denied any knowledge of previous incidents by these two employees. "In order to prevail upon a motion for summary judgment, the defendant, as movant, must produce evidence conclusively negating at least one essential element entitling the plaintiff to recover under every theory fairly drawn from the pleadings and the evidence." *Shirley v. Bacon*, 154 Ga. App. 203, 204 (267 SE2d 809) (1980). Thus, Trefz & Trefz conclusively pierced appellant's pleadings on this one essential element of her negligent hiring and retention claim. See *Edwards v. Robinson-Humphrey Co.*, 164 Ga. App. 876, 880 (3) (298 SE2d 600) (1982).

Because no question of fact or law remains as to appellant's tort liability claims against Trefz & Trefz, summary judgment was properly granted to that appellee. *Southern Bell v. Sharara*, 167 Ga. App. 665 (307 SE2d 129) (1983). However, since appellant's tort claim of

assault against appellees Alva and Mixon remains viable, the trial court's grant of summary judgment to those appellees solely on their workers' compensation defense must be reversed.

*Judgment reversed in part; affirmed in part. Deen, P. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 27, 1985.

*James F. Findlay*, for appellant.
*William C. Reed, Randall Rogers*, for appellees.