73263. KNIGHT v. GONZALEZ.
(352 SE2d 646)

POPE, Judge.

Plaintiff/appellee, a minor, by and through his next friend and father filed a tort action against defendant/appellant, a co-employee, and his employer Jeff Stieglitz d/b/a Domino's Pizza, for personal injuries sustained during an altercation with co-employee defendant. Plaintiff subsequently dismissed the suit against his employer. Defendant filed a motion for judgment on the pleadings on the theory that plaintiff's tort action was barred by OCGA § 34-9-11 of the Workers' Compensation Act. The court denied defendant's motion and the case was tried before a jury. Relying on *Woodward v. St. Joseph's Hosp.*, 160 Ga. App. 676 (288 SE2d 10) (1981), defendant moved for a directed verdict at the close of plaintiff's case. The trial court denied defendant's motion and the jury subsequently returned a verdict for plaintiff. Defendant made a motion for a new trial, which the trial court also denied. Defendant enumerates as error the trial court's denial of these three motions; however, because defendant did not appeal the denial of his motion for judgment on the pleadings until after the trial and verdict, it is too late for this court to consider the denial of that motion. *Heard v. Midwest Mut. Ins. Co.*, 167 Ga. App. 44 (2) (306 SE2d 49) (1983). The sole issue raised on appeal is whether plaintiff's tort action is barred by the Workers' Compensation Act.

We note that a transcript of the trial court proceedings is not available for our review. From a general review of the record, however, it is apparent that there are two conflicting versions concerning the events surrounding the altercation between plaintiff and defendant. On the one hand, evidence was presented that plaintiff and defendant were engaged in an on-going argument concerning a car stereo system which plaintiff had sold to defendant. According to this version of events, at some point during the argument, plaintiff quit his job because he was tired of being "hassled" by defendant about

the stereo system and, when plaintiff attempted to vacate the premises, defendant physically attacked him. On the other hand, defendant presented that the argument was over plaintiff's work performance, and that defendant terminated plaintiff for being tardy without explanation. According to this account, defendant "ran into" plaintiff as he was escorting plaintiff out of Domino's.

Where workers' compensation law is applicable, it provides the exclusive remedy to an injured employee. OCGA § 34-9-11; *Evans v. Bibb Co.*, 178 Ga. App. 139 (4) (342 SE2d 484) (1986). For an injury to be compensable under workers' compensation law, however, it must arise out of and in the course of employment. The statutory and case law specifically exclude injuries caused by the wilful acts of third persons against the employee for reasons personal to the employee. OCGA § 34-9-1 (4). "[W]orkers' compensation is not the exclusive remedy, and thus does not bar a common law tort claim where the [wilful] actions are directed against the [employee] by fellow employees for purely non-work-related personal reasons. [Cits.]" *Brown v. Trefz & Trefz*, 173 Ga. App. 586 (327 SE2d 556) (1985).

"The issue of whether an injury arises out of and in the course of employment . . . is a mixed question of fact and law. . . . [W]hen the issue of compensability under the workers' compensation law as a bar to recovery arises defensively in a tort action, . . . the normal procedure is for the jury to find facts and then to apply to those facts the law as given by the trial court in its instructions. [Cit.]" *Utz v. Powell*, 160 Ga. App. 888, 889 (288 SE2d 601) (1982).

Here we are asked to review the trial court's denial of both defendant's motion for directed verdict and defendant's motion for a new trial. "On appeal, the evidence must be construed to uphold the jury's verdict, and the sole question for determination is whether there is any evidence to authorize the verdict. [Cits.]" *Gold Kist Peanuts v. Alberson*, 178 Ga. App. 253, 254 (342 SE2d 694) (1986). This "any evidence" standard applies to appellate review of both a trial court's denial of a motion for directed verdict and to the denial of a motion for a new trial. *Associated Software &c., Inc. v. Wysocki*, 177 Ga. App. 135 (1) (338 SE2d 679) (1985). " 'Where there is no transcript of evidence before the court, we must assume that the evidence authorized the ruling below. (Cit.)' " *Estate of Sam Farkas v. Dougherty County School System*, 178 Ga. App. 135 (342 SE2d 501) (1986). We must also assume, unless the contrary is manifestly shown, that the trial court correctly charged the general rules of law applicable to the issues. *Ernest L. Miller Co. v. Gauntt*, 93 Ga. App. 178 (2) (91 SE2d 104) (1956). Applying these principles, we find that defendant has presented no ground for reversal. Accordingly, we affirm the judgment of the trial court denying defendant's motions for directed verdict and for new trial.

470

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 6, 1987.

*Robert C. Harper*, for appellant.
*Robert H. Baer, E. Jerrell Ramsey*, for appellee.