A89A1136. COLEY et al. v. EVANS MEMORIAL HOSPITAL.
(385 SE2d 100)

McMURRAY, Presiding Judge.

Claiming he was sexually assaulted in the emergency room of Evans Memorial Hospital by the physician who treated him, plaintiff brought suit against the hospital and the physician seeking damages for assault and battery and the intentional infliction of emotional distress. Plaintiff's wife joined the suit, seeking damages for loss of consortium. The liability of the hospital was predicated solely on the doctrine of respondeat superior.

Following discovery, the hospital moved for summary judgment. The motion was granted and plaintiffs appeal. *Held*:

Assuming, arguendo, that the physician was a servant of the hospital, nevertheless, the hospital was entitled to judgment as a matter of law. "OCGA § 51-2-2 provides: 'Every person shall be liable for torts committed by . . . his servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily.' 'As construed in *Frazier v. Southern Ry. Co.*, 200 Ga. 590, 593 (37 SE2d 774), "The word 'volun-

tarily' in § 105-108 (OCGA § 51-2-2) will cover any or all motives or purposes of the wrongdoer, acting in the scope of his employment, which are not covered by 'acts of negligence.' The true test is not whether the tort was committed by reason of anger, malice or ill will, but whether or not it was committed in the prosecution and within the scope of the master's business. If the tort be committed, not by reason of the employment, but because of matters disconnected therewith, the master would not be liable." [Cit.]' " *McCranie v. Langdale Ford Co.*, 176 Ga. App. 281, 282 (335 SE2d 667). The alleged sexual assault committed by the physician did not further the hospital's business. It was a purely personal act which was unrelated to the physician's employment. Accordingly, the hospital cannot be deemed vicariously liable for the act of the physician. *Big Brother/Big Sister of Metro Atlanta v. Terrell*, 183 Ga. App., 496, 498 (3) (359 SE2d 241); *Southern Bell Tel. &c. Co. v. Sharara*, 167 Ga. App. 665, 667 (2) (307 SE2d 129). See also *Hoover v. Univ. of Chicago Hosp.*, 51 Ill. App.3d 263 (366 NE2d 925) (1977).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED JULY 10, 1989 —
REHEARING DENIED JULY 24, 1989 — 

*Joseph B. Bergen, Frederick S. Bergen*, for appellants.
*Philip R. Taylor, Charles R. Brown*, for appellee.