### A90A1738. HALL et al. v. JOHNSON.
(402 SE2d 98)

BANKE, Presiding Judge.

This is an appeal by the plaintiffs from a grant of summary judgment to the defendant in a personal injury action.

Plaintiff Larry Hall was injured when he was intentionally "head-butted" by the defendant, a fellow-employee, at their place of employment. He made a claim for workers' compensation benefits as a result of the incident and received an award of compensation. He and his wife, Wanda, then instituted the present action to recover for his injuries and for his wife's loss of consortium. The defendant moved for summary judgment on the ground that the plaintiff's workers' compensation claims constituted his exclusive remedy under the provisions of the Workers' Compensation Act, and the trial court granted the motion. *Held*:

OCGA § 34-9-11 (a) provides: "The rights and the remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common law or otherwise, on account of such injury, loss of service, or death; provided, however, that no employee shall be deprived of any right to bring an action against any third-party tortfeasor, *other than an employee of the same employer*. . . ." (Emphasis supplied.) The present action is clearly barred by this Code section. Accord *Mann v. Workman*, 257 Ga. 70 (354 SE2d 831) (1987); see also *Williams v. Thomas*, 187 Ga. App. 527 (370 SE2d 773) (1988) (holding that where an injured employee was barred by the exclusive remedy provision of the Workers' Compensation Act from obtaining a judgment against a co-employee for injuries sustained as a result of the co-employee's negligence, he was also precluded from recovering for the co-employee's negligence under the uninsured motorist provisions of his automobile insurance policy). The appellants' reliance on *Brown v. Trefz & Trefz*, 173 Ga. App. 586 (327 SE2d 556) (1985), as authority for a contrary conclusion is misplaced, inasmuch as there was no showing in that case that the injured plaintiff had received workers' compensation benefits. Moreover, there was evidence in that case that the injury to the plaintiff had resulted from an intentional act directed against her by fellow employees for "purely non-work-related personal reasons." Thus, it was not apparent as a matter of law in *Brown* that the Workers' Compensation Act was applicable.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 5, 1991.

*Charles W. Wrinkle*, for appellants.

*Tisinger, Tisinger, Vance & Greer, Thomas E. Greer, Michele R. Smith, Perkins & Perkins, Cliff C. Perkins, Jr.*, for appellee.