A92A0190. MOUNTAIN v. SOUTHERN BELL TELEPHONE &
TELEGRAPH COMPANY.
(421 SE2d 284)

COOPER, Judge.

John Chandler ("Chandler"), an employee of appellee for 25 years, was sent to appellant's residence to reestablish her telephone service. Appellant alleges that after completing his work, Chandler raped her. Appellant brought an action against appellee under the theories of respondeat superior and negligent hiring and retention of Chandler as an employee. The trial court granted appellee's motion for summary judgment, concluding that appellee was not liable under either theory, and this appeal followed.

1. In her first, second and fourth enumerations of error, appellant contends the trial court erred in concluding that Chandler's actions were outside the scope of his employment as a matter of law and in misapplying *Curtis, Inc. v. Kelley,* 167 Ga. App. 118 (305 SE2d 828) (1983). Appellant argues that a genuine issue of fact remains as to whether or not Chandler was acting within the scope of his employment at the time he committed the rape. " 'OCGA § 51-2-2 provides: "Every person shall be liable for torts committed by . . . his servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily." "As construed in *Frazier v. Southern Ry. Co.,* 200 Ga. 590, 593 (37 SE2d 774), 'The word "voluntarily" in § 105-108 (OCGA § 51-2-2) will cover any or all motives or purposes of the wrongdoer, acting in the scope of his employment, which are not covered by "acts of negligence." The true test is not whether the tort was committed by reason of anger, malice or ill will, but whether or not it was committed in the prosecution and within the scope of the master's business. If the tort be committed, not by reason of the employment, but because of matters disconnected therewith, the master would not be liable.' (Cit.)" ' [Cit.]" *Coley v. Evans Mem. Hosp.,* 192 Ga. App. 423, 424 (385 SE2d 100) (1989). The alleged rape was not related to Chandler's employment and did not further appellee's business. It was a purely personal act for which appellee cannot be deemed vicariously liable. *Coley v. Evans Mem. Hosp.,* supra; *Southern Bell Tel. &c. Co. v. Sharara,* 167 Ga. App. 665, 667 (2) (307 SE2d 129) (1983). Despite appellant's insistence that Chandler was within the scope of his employment because he gained entry into appellant's home in the prosecution of appellee's work, there is no evidence which shows that Chandler was serving appellee *at the time of the injury,* i.e., during

the commission of the rape. *Curtis, Inc. v. Kelley,* supra at 119. "The mere fact that the assault occurred during a time of ostensible employment in the [appellant's] home is not dispositive on the question of scope of employment. [Cit.]" *Southern Bell Tel. &c. Co. v. Sharara,* supra at 667-668. Appellant argues further that *Southern Bell Tel. &c. Co. v. Sharara,* supra, is distinguishable because in that case, the employee submitted an affidavit in which he admitted "that his acts were unrelated to the task of installing the phone and were completely personal in nature." Id. at 667. Appellant emphasizes that no such affidavit exists in the instant case. The evidence shows that the work performed on appellant's phone lines did not require Chandler's presence inside appellant's home and that when the rape allegedly occurred, Chandler had already completed the job. In her brief to this court, appellant even recognized that the rape was a deviation from Chandler's work-related activity. Thus, the trial court did not err in granting summary judgment based on the theory of respondeat superior.

2. Appellant next contends that the trial court erred in granting summary judgment on the issue of negligent retention because appellee knew or should have known of Chandler's dangerous propensities. Appellant argues that Chandler had a pattern of absenteeism during the last ten years of his employment which was not properly documented by appellee and therefore not addressed according to appellee's disciplinary rules. Appellant further contends that Chandler was involved in several accidents, on and off the job, and that his problematic employment history should have resulted in a referral to appellee's Employee Assistance Program (EAP). Appellant submitted the affidavit of a physician who opined that Chandler's excessive absences, totalling seven during the last ten years of his employment, the high frequency of accidents in which Chandler was involved, and the fact that Chandler regularly called in sick on Monday were suggestive of alcoholism and/or drug addiction which should have, at a minimum, necessitated a screening by an EAP counselor to determine the cause of the repeated pattern of conduct. The physician concluded further that appellee was negligent in failing to refer Chandler for counselling or to determine the cause for the conduct. Appellant contends that appellee had at least constructive knowledge of Chandler's alleged alcoholism and the resulting impairment of his judgment and ability to perform his job satisfactorily.

The record reveals that appellee was aware of Chandler's absences and work-related injuries. However, there is no evidence that appellee was aware of Chandler's suggested alcoholism or any dangerous or violent propensities. Chandler's immediate supervisor and a co-worker testified that Chandler was a capable and productive employee with no difficulties completing his work; that he never exhib-

ited unusual behavior or used alcohol at work; and that prior to the alleged rape of appellant, neither was aware of any complaints by customers about Chandler. The supervisor also testified that he had the opportunity to observe Chandler drink socially and that Chandler never drank to excess. Moreover, there is no allegation that alcohol was involved in the alleged rape. The trial court concluded that appellee had no knowledge of Chandler's suggested alcoholism and that even if appellee had such knowledge, there is no evidence that appellee knew of a propensity for aggression and violence on Chandler's part or that it was foreseeable that his alleged alcoholism could result in the actions alleged by appellant.

" 'For [appellee] to be negligent in hiring and retaining any employee with violent and criminal propensities, it would be necessary that [appellee] knew or should have known of those dangerous propensities alleged to have resulted in [appellant's] [injury]. (Cits.) . . .' 'To hold, as [appellant] argues, that a master may be found liable for the negligent employment of a servant who subsequently commits tortious and criminal acts solely because the employer knew or should have known that the servant was having [a problem with alcohol] would be tantamount to holding that there is no longer any proximate causation requirement in negligent employment actions in this state.' [Cit.]" *Southern Bell Tel. &c. Co. v. Sharara*, supra at 666. Furthermore, "[w]e have found no statute or court decision which would authorize the establishment of a blanket requirement that an employer submit all of its employees to a series of periodic psychological tests or interviews to determine whether any employee has developed or is developing negative or antisocial propensities." Id. Accordingly, the trial court did not err in granting summary judgment on the issue of negligent hiring and retention.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MAY 19, 1992 —
RECONSIDERATION DENIED JULY 23, 1992 — 

*Edwards & Middleton, Lonzy F. Edwards,* for appellant.
*Jones, Cork & Miller, H. Jerome Strickland, H. Jerome Strickland, Jr.,* for appellee.