A93A1683. DIACONESCU et al. v. HETTLER et al.
(435 SE2d 489)

McMURRAY, Presiding Judge.

Georgeta Diaconescu and Iordan Diaconescu brought an action against James R. Hettler and Miriam A. Hettler under theories of

negligent hiring and retention of an employee and respondeat superior, alleging Georgeta Diaconescu was shot and wounded by the Hettlers' servant, agent and employee, Murphy Munsey. The Hettlers denied the material allegations of the complaint and filed a motion for summary judgment.

Murphy Munsey was a homeless day-laborer who began performing home-maintenance for the Hettlers in the fall of 1988. Munsey worked on an hourly basis and appeared at the Hettlers home every two or three weeks looking for work. (The Hettlers were unable to contact Munsey as he had no telephone and he lived out of his vehicle.) Munsey was reliable and the Hettlers found him to be diligent, honest and trustworthy.

In May 1991, the Hettlers allowed Munsey to park his van on their property while they were vacationing in Florida. A few months later, the Hettlers informed Munsey that they would be in England for two weeks in August and that he could park on their property during their absence. The Hettlers asked Munsey to perform certain maintenance work while they were away from home and they gave Munsey access to their garage and outdoor facilities. (Munsey did not have access to the Hettlers' living quarters.)

On August 19, 1991, Munsey parked in the Hettlers' driveway and, at about 8:00 that evening, he discharged a high powered rifle from the Hettlers' property and wounded Georgeta Diaconescu as she sat in a neighbor's garage. Munsey took refuge in the Hettlers' garage and later shot and killed a law enforcement officer who responded to the incident. Munsey refused to surrender to police and the stand-off resulted in Munsey's death. The next day, James R. Hettler informed Detective Wallace J. Cooper of the Fulton County Police Department that Munsey had worked as a handyman for the Hettlers for the past two or three years; that Munsey had permission to be on their property and that Munsey was watching their home while the Hettlers were out of town.

The trial court granted the Hettlers' motion for summary judgment. This appeal followed. *Held*:

1. The Hettlers contend they did not hire Munsey to "watch" their home and they challenge any testimony that James R. Hettler stated or reported to others that Munsey was "hired . . . to watch" their home. The Hettlers argue that such out-of-court statements constitute inadmissible hearsay. This argument is without merit. James R. Hettler's out-of-court statements regarding Munsey's employment status are admissions of a party and are thus admissible to prove the truth of the matters asserted in any such out-of-court statements. *Mulherin v. Globe Oil Co.*, 173 Ga. App. 790, 791 (2) (328 SE2d 406).

2. The Diaconescues contend the trial court erred in granting

summary judgment on the issue of negligent selection and retention of a dangerous employee.

"An employer's liability for negligent hiring or retention of an employee requires proof that the employer knew or should have known of the employee's violent and criminal propensities, *Edwards v. Robinson-Humphrey Co.*, 164 Ga. App. 876, 880 (298 SE2d 600) (1982); *Southern Bell Tel. &c. Co. v. Sharara*, [167 Ga. App. 665 (1), 666 (307 SE2d 129)], and there was no evidence of such knowledge in [the case sub judice]." *Odom v. Hubeny, Inc.*, 179 Ga. App. 250, 252 (2) (345 SE2d 886). Specifically, the Hettlers testified that they were not aware of Munsey's criminal record or prior mental instability; that Munsey never showed signs of violent or criminal behavior and that they did not know Munsey had access to firearms. Nonetheless, the Diaconescues argue that the Hettlers had a duty to investigate Munsey's past before they employed Munsey to perform security services. This argument is without merit.

In *C. K. Security Systems v. Hartford Accident &c. Co.*, 137 Ga. App. 159, 161 (2) (223 SE2d 453), it was held that a security service offering the use of its employees to patrol premises for the purpose of protecting persons and property "may have been duty bound to exercise a greater amount of care to ascertain [whether] its employees were [fit to perform the security services offered]." *C. K. Security Systems*, 137 Ga. App. 159, 161 (2), supra. In the case sub judice, there is no proof that the Hettlers are a security service offering the use of employees to patrol premises for the purpose of protecting persons and property. Further, the Hettlers testified that they did not hire Munsey to protect their home. The evidence reveals that the Hettlers merely hired Munsey to "watch" their home (i.e., maintain a presence on their premises) while they were out of town. Consequently, since no actionable negligence was shown by the fact that the Hettlers did not investigate Munsey's history and since the Hettlers' denial of any previous violent or criminal episodes is uncontroverted, the trial court did not err in granting the Hettlers' motion for summary judgment with regard to negligent hiring and retention of a dangerous employee. See *Odom v. Hubeny, Inc.*, 179 Ga. App. 250, 252 (2), supra.

3. The Diaconescues contend the trial court erred in granting summary judgment on the issue of respondeat superior, arguing that genuine issues of material fact remain as to whether Munsey was acting within the scope of his employment at the time of the shooting.

"Under the theory of respondeat superior, an employer is liable for a tort committed by his employee only where the injury is inflicted in the course of the employment and not because of some private and personal act of the employee. *McCranie v. Langdale Ford Co.*, 176 Ga. App. 281 (335 SE2d 667) (1985); *Southern Bell Tel. &c.*

Co. v. Sharara, 167 Ga. App. 665[, supra]." Odom v. Hubeny, Inc., 179 Ga. App. 250, 251 (1), supra. In the case sub judice, the undisputed evidence reveals that Munsey was not hired as a security agent charged with protecting the Hettlers' property. The evidence shows that Munsey was simply asked to "watch" the Hettlers' property while they were out of town. There is no proof that discharging a firearm was related to this purported work-related activity. Thus, the trial court did not err in granting summary judgment on the issue of respondeat superior. See Mountain v. Southern Bell Tel. &c. Co., 205 Ga. App. 119 (1) (421 SE2d 284).

Judgment affirmed. Johnson and Blackburn, JJ., concur.

DECIDED AUGUST 23, 1993 —
RECONSIDERATION DENIED SEPTEMBER 8, 1993 

John K. Dunlap, Patricia D. O'Kelley, for appellants.

Bovis, Kyle & Burch, Steven J. Kyle, Charles M. McDaniel, Jr., for appellees.