A93A2596. WORSTELL PARKING, INC. v. AISIDA.
(442 SE2d 469)

COOPER, Judge.

Plaintiff brought an action against defendant to recover for injuries she received when one of defendant's parking attendants struck plaintiff in the face with a stick. In her complaint, plaintiff alleged theories of respondeat superior and negligent hiring. The trial court denied defendant's motion for summary judgment, and we granted defendant's application for interlocutory appeal.

1. Defendant first argues that the trial court erred in denying its motion for summary judgment on the theory of respondeat superior. The record reveals that plaintiff, accompanied by her boyfriend, went for a dental appointment at an office building and used the valet parking facility operated by defendant. When plaintiff's boyfriend realized he did not have enough cash to pay plaintiff's bill, he returned to the parking lot to retrieve his checkbook from the car. One of the parking attendants told plaintiff's boyfriend that he would retrieve the checkbook for a tip. Plaintiff's boyfriend declined and said that he would get it himself. The parking attendant became angry and began making derogatory comments to plaintiff's boyfriend about his African nationality. Plaintiff's boyfriend retrieved his checkbook and returned to the dentist's office. When plaintiff and her boyfriend returned to get their car, the parking attendant confronted them while they were paying the cashier. The attendant used abusive and offensive language and threatened plaintiff and her boyfriend with a stick. Plaintiff and her boyfriend remained calm while they waited for another attendant to bring their car. When the car arrived, plaintiff and her boyfriend walked toward the car followed by the parking attendant carrying the stick. The parking attendant took the stick, swung it

at plaintiff and her boyfriend and struck plaintiff in the face.

OCGA § 51-2-2 provides: "Every person shall be liable for torts committed by his wife, his child, or his servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily." "The word voluntarily . . . will cover any or all motives or purposes of the wrongdoer, acting in the scope of his employment, which are not covered by acts of negligence. The true test is not whether the tort was committed by reason of anger, malice or ill will, but whether or not it was committed in the prosecution and within the scope of the master's business. If the tort be committed, not by reason of the employment, but because of matters disconnected therewith, the master would not be liable." (Citations and punctuation omitted.) *Mountain v. Southern Bell Tel. &c. Co.*, 205 Ga. App. 119 (1) (421 SE2d 284) (1992). The fact that the assault occurred during the time of the attendant's employment with defendant is not dispositive on the issue of scope of employment. See *Southern Bell Tel. &c. Co. v. Sharara*, 167 Ga. App. 665 (2) (307 SE2d 129) (1983). The parking attendant's altercation with plaintiff and her boyfriend appears to have been purely personal and not for any purpose beneficial to defendant. Consequently, we conclude that the trial court should have granted summary judgment to defendant on the issue of respondeat superior.

2. Defendant also argues that it was entitled to summary judgment on plaintiff's claim of negligent hiring. "An employer's liability for negligent hiring or retention of an employee requires proof that the employer knew or should have known of the employee's violent and criminal propensities, and there was no evidence of such knowledge." (Citations and punctuation omitted.) *Diaconescu v. Hettler*, 210 Ga. App. 191, 193 (2) (435 SE2d 489) (1993). Specifically, the record contains the affidavit of Gary Worstell, defendant's owner and manager. Worstell stated that he had no knowledge that the parking attendant was a violent person and that he was not aware of any prior violent acts or violent propensities of the attendant. Worstell also stated that he had never received any complaints about the attendant. Plaintiff alleges that the defendant had constructive notice of the attendant's violent propensity because the attendant checked "yes" in response to a question on his employment application regarding whether he had been arrested for any criminal charges, excluding minor offenses. Although the record reflects that the attendant had been convicted of several violations of the Georgia Controlled Substances Act, the record is devoid of any evidence that the parking attendant had a propensity towards violence or that defendant knew of that propensity. Furthermore, plaintiff's argument that defendant had a duty to investigate the attendant's past before they employed the attendant is without merit. *Diaconescu*, supra at 193. Accordingly, the

trial court erred in denying defendant's motion for summary judgment on plaintiff's theory of negligent hiring.
*Judgment reversed. Beasley, P. J., and Smith, J., concur.*

DECIDED MARCH 11, 1994 —
RECONSIDERATION DENIED MARCH 28, 1994 — 

*Long, Weinberg, Ansley & Wheeler, Lance D. Lourie, William P. Langdale III*, for appellant.
*Bernard & Associates, Patricia D. Bernard*, for appellee.