A94A1825. IHESIABA et al. v. PELLETIER et al.
(448 SE2d 920)

BEASLEY, Presiding Judge.

Ihesiaba and his wife filed the present complaint against Pelletier, Frenchy Homes, Inc., Richards, and Henry. Frenchy Homes, a corporation wholly owned by Pelletier, was named by plaintiffs as a defendant because of their belief that Richards and Henry are its employees. During discovery plaintiffs learned they are employees of Frenchy Community Developer, Inc., another corporation wholly owned by Pelletier. The court granted plaintiffs' motion to join Frenchy Community Developer as a party defendant.

Plaintiff Ihesiaba operates a limousine service. Pelletier engages in the sale and development of real estate through Frenchy Homes, Frenchy Community Developer, and two other corporations wholly owned by him.

These corporations held a Christmas party for their employees at which attendance was optional. The employees were provided with alcoholic beverages at company expense, which Pelletier observed Richards and Henry consuming. Pelletier hired plaintiff to provide transportation for himself and several employees to go to the Lone Star Cafe from the party. When Pelletier arrived there, Richards and Henry were at the bar. They joined Pelletier at his table and began consuming drinks for which he paid.

Fred and Gail Poteet, co-owners and managers of the cafe, testified that they quit serving liquor to Pelletier, Richards, and Henry because they were behaving "in a very unpleasant and aggressive

manner"; also, Richards and Henry were "highly and visibly intoxicated" and "loud, abusive and physically threatening to other patrons of the bar."

At Pelletier's request, drinking privileges were restored to him on the condition that no alcohol be provided to Richards or Henry. When Pelletier informed Richards and Henry of this restriction, they became very threatening to Fred Poteet. Pelletier stood behind them smirking. Gail Poteet testified that it was clear that Richards and Henry were potentially violent.

Later, Pelletier attempted to give drinks to Richards and Henry, at which point the latter two were ejected from the cafe. They returned and demanded a coat. Gail Poteet told them she would have the coat brought to them outside. She was then shoved very hard by one of them, who became verbally abusive as well. They were ejected from the cafe again and the door was locked. When they began screaming, kicking the door, and making a great deal of noise, Gail Poteet called the police. Plaintiff was also summoned to the scene. Gail Poteet told the police she only wanted Richards and Henry to leave and did not want them arrested. After talking to the police, Pelletier paid plaintiff $200 to take them home.

As alleged in the complaint and testified to in part by plaintiff, Richards and Henry became threatening and abusive on the way home. Upon arrival at the home of one of them, plaintiff asked them both to leave the car. Only one got out. The other was again asked to leave. He attacked plaintiff by ripping a radio car phone from its mounting and hitting him on the head with it. He then got out of the car, came around to the driver's side window and kicked out the window, driving his foot into plaintiff's face and eye. This blow also drove glass into plaintiff's eye, completely slicing his cornea in two. He suffered severe and permanent injury to his right eye, causing permanent double vision.

In the complaint, plaintiffs seek a recovery under three theories. The first is breach of the duty of good faith and fair dealing underlying every contract by failing to inform plaintiff of the dangerous and criminal behavior of Richards and Henry that evening. The second is negligent breach of the private duty not to knowingly place another party in danger of personal injury. The third is liability in tort for providing alcoholic beverages to Richards and Henry after they became highly and visibly intoxicated and exhibited aggressive and criminal behavior, making it foreseeable that they were capable or predisposed to commit the assault and battery that occurred.

The trial court granted Pelletier's and his corporations' motion for summary judgment on all counts. The court concluded that Pelletier is not chargeable with breach of a contractual duty of good faith and fair dealing, because this duty applies to a party's ability to per-

form a contract and Pelletier completed his performance with the tender of the agreed fee to plaintiff. The court discerned no evidence that would support a finding that it was reasonably foreseeable that Richards or Henry would attack plaintiff once he delivered them home. The court ruled that under OCGA § 51-1-40, neither Pelletier nor his corporations can be held liable to plaintiffs on the ground that they provided alcoholic beverages to Richards and Henry, because Pelletier arranged for them to be transported home to prevent them from driving. The court also noted that Richards and Henry were not employees of Frenchy Homes.

Challenging the constitutionality of OCGA § 51-1-40, plaintiffs appealed to the Supreme Court of Georgia. By order, the Supreme Court transferred the appeal to this court on the ground that "[t]he constitutional claims raised in this appeal involve well-settled principles of law."

1. Plaintiffs contend that the court erred in applying OCGA § 51-1-40.

The common law rule was that no tort cause of action arose against one who furnished intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of such intoxication injured himself or another. *Sutter v. Hutchings*, 254 Ga. 194, 195 (1) (327 SE2d 716) (1985). In *Sutter*, the Supreme Court, applying common law principles to statutory duties not to furnish alcoholic beverages to any underage person or person in a state of noticeable intoxication, held that a person who furnishes alcohol to a noticeably intoxicated underage person, knowing that such person would soon be driving his or her car, could be held liable in tort to a third person injured by the negligence of the intoxicated driver.

Several years after *Sutter*, the General Assembly enacted OCGA § 51-1-40. Subsection (a) declares that the consumption of alcoholic beverages, rather than the furnishing of such beverages, is the proximate cause of any injury inflicted by an intoxicated person upon himself or another person, except as provided in subsection (b). Subsection (b) provides that a person who furnishes alcoholic beverages to another person of lawful drinking age shall not thereby become liable for injury to third persons caused by or resulting from the intoxication of such other person. There is a proviso: a person who knowingly furnishes alcoholic beverages to a person who is not of lawful drinking age or to a person who is in a state of noticeable intoxication, knowing that such person will soon be driving a motor vehicle, may become liable for injury caused by or resulting from the intoxication of such person when the furnishing is the proximate cause of such injury.

In *Riley v. H & H Operations*, 263 Ga. 652 (436 SE2d 659) (1993), the Court held that when the General Assembly enacted OCGA § 51-1-40, it abrogated the common law rule set forth in *Sut-*

*ter* and created a new cause of action. The Court also rejected a challenge to the constitutionality of OCGA § 51-1-40 on due process grounds.

(a) Insofar as plaintiffs seek to impose liability upon Pelletier and his corporations on the ground that they furnished alcoholic beverages to Richards and Henry, their cause of action is barred by OCGA § 51-1-40 because this case does not fall within any exception delineated in subsection (b).

(b) Plaintiffs argue that OCGA § 51-1-40 is inapplicable when the provider of alcoholic beverages is an employer of the intoxicated person. To the contrary, the rules contained in *Sutter*, and thus OCGA § 51-1-40, remain applicable when the provider is an employer. See *Pirkle v. Hawley*, 199 Ga. App. 371 (405 SE2d 71) (1991); *Southern Bell Tel. &c. Co. v. Altman*, 183 Ga. App. 611 (359 SE2d 385) (1987).

(c) Plaintiffs argue that if OCGA § 51-1-40 applies to this case, it is unconstitutional in that it violates their right to equal protection. The Supreme Court has exclusive jurisdiction to determine the constitutionality of a state law, *Burke v. State*, 205 Ga. 520, 521 (54 SE2d 348) (1949), except where the law has been held to be constitutional as against the same attack being made. *Blackwell v. State*, 180 Ga. App. 253, 254 (1) (349 SE2d 13) (1986). Inasmuch as this case was transferred here even though OCGA § 51-1-40 has not been held constitutional as against the same attack being made, we must conclude that the Supreme Court has determined that the constitutional issue was not properly raised or not meritorious. *Conner v. State*, 205 Ga. App. 564, 565 (1) (422 SE2d 872) (1992).

2. Plaintiffs charge Pelletier with breaching a contractual duty of good faith and fair dealing by not providing information concerning Richards' and Henry's behavior.

The implied duty of good faith and fair dealing requires both parties to a contract to perform their promises and provide such cooperation as is required for the other party's performance. *Whisenant v. Fulton Fed. Sav. &c.*, 200 Ga. App. 31, 33 (1) (406 SE2d 793) (1991). Based on the evidence, Pelletier is not chargeable with a breach of duty in either respect.

3. Plaintiffs charge Pelletier with committing a tort by breaching a private duty not to knowingly place another in danger of receiving personal injury. They rely upon the general duty one owes to all the world not to subject a person to an unreasonable risk of harm, as recognized in *Bradley Center v. Wessner*, 250 Ga. 199, 201 (296 SE2d 693) (1982).

However, *Bradley* also recognized the general rule that there is no duty to control the conduct of third persons to prevent them from causing physical harm to others. "Generally, a person does not have a

duty to control the conduct of another person, who is a potential tortfeasor, so as to prevent that person from harming a third person (*Bradley Center v. Wessner*, [supra]) unless '(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or (b) a special relation exists between the actor and the other which gives to the other a right to protection.' Restatement, Torts 2d, § 315." *Assoc. Health Systems v. Jones*, 185 Ga. App. 798, 801 (1) (366 SE2d 147) (1988).

No special relation existed between Pelletier and Richards or Henry imposing a duty upon Pelletier to control their conduct; nor did any special relation exist between Pelletier and plaintiff, giving the plaintiff a right to protection.

Under some circumstances, a special relation does exist between an employer (in this case Frenchy Community Developer) and an employee which imposes a duty upon the employer to control the employee's conduct. An employer is liable for torts committed by his servant in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily. OCGA § 51-2-2; *Worstell Parking v. Aisida*, 212 Ga. App. 605, 606 (1) (442 SE2d 469) (1994); *Mountain v. Southern Bell Tel. &c. Co.*, 205 Ga. App. 119 (1) (421 SE2d 284) (1992); *Lucas v. Hosp. Auth. of Dougherty County*, 193 Ga. App. 595 (1) (388 SE2d 871) (1989); see *Aubrey Silvey Enterprises v. Bohannon*, 182 Ga. App. 738, 739 (356 SE2d 693) (1987). It is uncontested that the attack by Richards or Henry upon plaintiff was not in the prosecution and within the scope of their employer's business. Nor do the circumstances exist in which an employer is under a duty to control an employee's conduct while the employee is acting outside the scope of employment. See *Brown v. Trefz & Trefz*, 173 Ga. App. 586, 587 (2) (327 SE2d 556) (1985) (claim against employer for tort of employees on alternative theory of negligent hiring and retention); see generally Restatement, Torts 2d, § 317.

Moreover, it is uncontradicted that Pelletier did not observe any physical altercation between Richards or Henry and anyone else, although there is evidence that he observed their general behavior and a confrontation between them and Fred Poteet about the restriction on their drinking. Plaintiffs suggest that his intervention with the police would authorize an inference that Pelletier had knowledge of their criminal behavior. However, Gail Poteet only testified that she told the police that she was not interested in any arrests but that the two men had to leave. The police did not testify. In addition, there is no evidence of any animus by the men against the cab driver before they left the bar; their anger was directed only at the Poteets for a reason unrelated to him. Thus the trial court did not err in ruling that, as a matter of law, it was not reasonably foreseeable to Pelletier

that Richards or Henry would attack plaintiff. The criminal act of Richards or Henry is treated as the proximate cause of the injury, superseding any negligence of other defendants. *Collie v. Hutson*, 175 Ga. App. 672, 673 (1) (334 SE2d 13) (1985).

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED SEPTEMBER 9, 1994 —
RECONSIDERATION DENIED OCTOBER 4, 1994 — 

*Lloyd W. Walker,* for appellants.

*Long, Weinberg,. Ansley & Wheeler, Lance D. Lourie, J. Calhoun Harris, Jr.,* for appellees.