## A09A2154. SOLLEY v. MULLINS TRUCKING COMPANY, INC.

(687 SE2d 924)

BLACKBURN, Presiding Judge.

In this civil action, Barbara Jean Solley filed several tort claims against her former boyfriend, Jimmy Mullins, and her former employer, Mullins Trucking Company, Inc., for injuries she suffered as a result of Jimmy attacking her after he had become intoxicated at a party hosted by Mullins Trucking. Following the grant of Mullins Trucking's motion for summary judgment, Solley appeals, arguing that the trial court erred in finding that Mullins Trucking was entitled to judgment as a matter of law on her claim that it was negligent in failing to stop a dangerous activity of which it was aware. For the reasons set forth below, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c); *Britt v. Kelly & Picerne, Inc.*[1] "On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant." *McCaskill v. Carillo.*[2]

So construed, the evidence shows that Jimmy Mullins is the sole officer and shareholder of Mullins Trucking. In 1998, Solley and Jimmy began dating, and shortly thereafter, Jimmy hired Solley to work as the office manager for Mullins Trucking. As it had for the three previous years, in March 2006, Mullins Trucking hosted an excursion to Savannah for its employees and business associates to enjoy the city's Saint Patrick's Day festivities. On behalf of the company, Solley booked the entire floor of a local hotel for several days leading up to and through the holiday, and the company provided food and drink for its guests. In addition, Jimmy purchased approximately $700 worth of alcoholic beverages and set up the room in which he and Solley were staying as a hospitality suite, where Mullins Trucking's employees and guests could get drinks.

On March 17, 2006, Solley and Jimmy left the hotel that morning to watch the Saint Patrick's Day parade. Jimmy began drinking before the parade and continued drinking throughout the day. Later that afternoon, Solley and Jimmy returned to the hotel's bar where Jimmy continued drinking. Eventually, Solley left Jimmy at the hotel's bar so that she could prepare for the dinner party that Mullins Trucking was hosting at the hotel later that evening. At the dinner party, Jimmy appeared intoxicated, and he abruptly left the

[1] *Britt v. Kelly & Picerne, Inc.*, 258 Ga. App. 843 (575 SE2d 732) (2002).

[2] *McCaskill v. Carillo*, 263 Ga. App. 890 (589 SE2d 582) (2003).

dinner when Solley told him that he should stop drinking. After the dinner concluded, Solley found Jimmy outside of the hotel where he was attempting to get his car keys from another co-worker so he could drive back home to South Carolina. Solley took Jimmy's keys and told him that he was in no condition to drive, at which point Jimmy returned to the hotel room that he and Solley were sharing. Shortly thereafter, Solley also returned to the room. There, Jimmy began questioning her about a past boyfriend. When Solley did not respond to his questions, Jimmy knocked her out of the chair in which she was sitting, grabbed her by the throat, and threatened to kill her. A struggle ensued, during which Jimmy injured Solley's face and nearly suffocated her. Ultimately, the noise caused by the struggle alerted hotel staff, who came to Solley's aid and called the police. Solley was taken to the hospital to be treated for her injuries. Jimmy was arrested and was eventually tried and convicted of making terroristic threats.

In January 2008, Solley filed a complaint against Jimmy, alleging several tort claims. Later, she filed a successful motion to add Mullins Trucking as a defendant. In her second amended complaint, she alleged that Mullins Trucking "was negligent in hosting the party at the [hotel], at which it provided and otherwise made alcohol available, specifically to Defendant Mullins" and that its negligence proximately caused her injuries. Mullins Trucking filed a motion for summary judgment as to Solley's claim against it. Subsequently, Solley filed a third amended complaint, in which she further alleged that Mullins Trucking "was negligent in failing to stop a dangerous activity, of which it was aware." Thereafter, the trial court granted summary judgment in favor of Mullins Trucking. This appeal followed.

Although Solley alleges three separate enumerations of error, her primary contention is that the trial court erred in granting summary judgment to Mullins Trucking on her claim that it was negligent in failing to stop a dangerous activity of which it was aware and which caused her injury. This contention is without merit.

Specifically, Solley argues that Mullins Trucking owed her a duty analogous to a premises owner's duty to protect a licensee from the reasonably anticipated misconduct of another. See *Moon v. Homeowners' Assn. of Sibley Forest*.[3] However, the dangerous activity that Mullins Trucking failed to stop was the serving of alcohol to Jimmy despite being aware of the danger that doing so posed to Solley. In

---

[3] *Moon v. Homeowners' Assn. of Sibley Forest*, 202 Ga. App. 821, 824 (2) (415 SE2d 654) (1992).

*Sutter v. Hutchings*,[4] the Supreme Court of Georgia held that a person who furnishes alcohol to a noticeably intoxicated person, knowing that such person would soon be driving his or her car, could be held liable in tort to a third person injured by the negligence of the intoxicated driver. Several years later, the General Assembly enacted OCGA § 51-1-40. In subsection (a) of that statute, the General Assembly declared

> that the consumption of alcoholic beverages, rather than the sale or furnishing or serving of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person, except as otherwise provided in subsection (b) of this Code section.

Subsection (b) in part provides:

> A person who sells, furnishes, or serves alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury, death, or damage caused by or resulting from the intoxication of such person, including injury or death to other persons; provided, however, a person who willfully, knowingly and unlawfully sells, furnishes, or serves alcoholic beverages to a person who is not of lawful drinking age, knowing that such person will soon be driving a motor vehicle, or who knowingly sells, furnishes, or serves alcoholic beverages to a person who is in a state of noticeable intoxication, knowing that such person will soon be driving a motor vehicle, may become liable for injury or damage caused by or resulting from the intoxication of such minor or person when the sale, furnishing, or serving is the proximate cause of such injury or damage.

Thus, "[t]his statute insulates providers of alcohol from third-party claims of negligence except as provided in subsection (b)." *Hansen v. Etheridge*.[5] See *Kappa Sigma Intl. Fraternity v. Tootle*.[6] Furthermore, the rules contained in "OCGA § 51-1-40[ ] remain applicable when the provider [of alcoholic beverages] is an employer." *Ihesiaba v. Pelletier*.[7] See generally *Pirkle v. Hawley*.[8]

---

[4] *Sutter v. Hutchings*, 254 Ga. 194, 198 (1) (327 SE2d 716) (1985).

[5] *Hansen v. Etheridge*, 232 Ga. App. 408, 409 (501 SE2d 517) (1998).

[6] *Kappa Sigma Intl. Fraternity v. Tootle*, 221 Ga. App. 890, 893 (2) (473 SE2d 213) (1996).

[7] *Ihesiaba v. Pelletier*, 214 Ga. App. 721, 724 (1) (b) (448 SE2d 920) (1994).

[8] *Pirkle v. Hawley*, 199 Ga. App. 371, 375 (1) (405 SE2d 71) (1991).

Here, Solley's injuries were not the result of a motor vehicle accident proximately caused by Mullins Trucking serving alcoholic beverages to a noticeably intoxicated Jimmy. Indeed, because OCGA § 51-1-40 specifically sets forth that only the consumption, not the service of alcoholic beverages, is the proximate cause for injuries inflicted by the intoxicated person, Mullins Trucking cannot be liable for Solley's injuries. See *Hansen*, supra, 232 Ga. App. at 409; *Ihesiaba*, supra, 214 Ga. App. at 724 (1) (a).

Moreover, even if Solley's claim against Mullins Trucking could be construed as being analogous to a premises liability claim, summary judgment was still properly granted. A social host "is bound to exercise ordinary care to protect [a guest] from unreasonable risks of which [it] has superior knowledge, and if [it] has reason to anticipate criminal acts, [it] has the duty to exercise ordinary care to guard against injury caused by dangerous characters." (Punctuation omitted.) *Aldridge v. Tillman*.[9] Here, Solley argues that Mullins Trucking should have anticipated Jimmy's attack upon her because he had previously been physically abusive toward her when intoxicated. Given that Jimmy was the sole officer of Mullins Trucking, Solley contends that his knowledge of his own previous abuse of her should be imputed to the corporation. While this may be correct, it is also correct that based on her own experience, Solley had equal, if not superior knowledge, of the dangerous possibility of Jimmy's assault after he became intoxicated. See *Hembree v. Spivey*;[10] *Johnson v. Holiday Food Stores*;[11] *Aldridge*, supra, 237 Ga. App. at 605 (3). Accordingly, the trial court did not err in granting summary judgment to Mullins Trucking.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED DECEMBER 10, 2009.

*Stephen A. Sael*, for appellant.
*Ellis, Painter, Ratterree & Adams, Sarah B. Akins, Brannen, Searcy & Smith, Jordon D. Morrow*, for appellee.

---

[9] *Aldridge v. Tillman*, 237 Ga. App. 600, 603 (2) (516 SE2d 303) (1999).
[10] *Hembree v. Spivey*, 281 Ga. App. 693, 695-696 (637 SE2d 94) (2006).
[11] *Johnson v. Holiday Food Stores*, 238 Ga. App. 822, 824 (1) (520 SE2d 502) (1999).